UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

FILED BY _____ D.C.

00 JAN 28 PM 3:57

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FTL

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. )
)
FLORIDA HEALTH INSTITUTE, INC., )
SAMPLE ROAD REHABILITATION )
CENTER, INC., PENNACLE REHAB )
SERVICES OF FLORIDA, INC., )
NATIONAL MEDICAL SYSTEMS and )
SUPPLIES, INC., GATEWAY TO )
HEALTH REHABILITATION, INC., )
WEMAC, INC., and ELLIOT HOUSLEY,)
RICARDO CHOI, and ANTHONY )
MIGNOTT, a/k/a MARK A. MIGNOTT, )
individually, )
)
    Defendants. )
_____)

**00-6143**
**CIV-FERGUSON**
MAGISTRATE JUDGE
SNOW

MOTION FOR ENTRY OF TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION

    Plaintiff, United States of America, moves for issuance of a temporary restraining order for ten days and, upon hearing, a preliminary injunction, pursuant to 18 U.S.C. § 1345 and Fed. R. Civ. P. 65, for the reasons set forth in the supporting memorandum filed herewith, enjoining defendants Florida Health Institute, Inc., Sample Road Rehabilitation Center, Inc., Pennacle Rehab Services of Florida, Inc., National Medical Systems and Supplies, Inc., Gateway to Health Rehabilitation, Inc., Wemac, Inc., and Elliot Housley, Ricardo Choi, and Anthony Mignott a/k/a Mark A. Mignott, individually (collectively the "defendants"), their agents servants, employees, attorneys and all persons acting in concert

and participation with them, including all banking institutions at which defendants conduct business as follows:

(1) From making or conspiring to make false or fraudulent Medicare reimbursement claims to First Coast Service Options, Inc. ("First Coast") as fiscal agent for the Medicare program in violation of 18 U.S.C. § 287;

(2) From withdrawing or transferring any moneys or sums presently deposited, or held on behalf of any defendant by a financial institution, trust fund, or other financial agency, public or private, including but not limited to any accounts maintained in the name of Florida Health Institute, Inc., Sample Road Rehabilitation Center, Inc., Pennacle Rehab Services of Florida, Inc., National Medical Systems and Supplies, Inc., Gateway to Health Rehabilitation, Inc., Wemac, Inc., and Elliot Housley, Ricardo Choi, and Anthony Mignott a/k/a Mark A. Mignott, individually;

(3) from taking or causing to be taken any action to conceal, sell, pledge, assign, transfer, encumber, impair, remove, destroy, lease, loan, dissipate or otherwise dispose of, in any manner, assets, real or personal, in which any of the defendants acquired an interest after June 1, 1999;

(4) from taking or causing to be taken any action to conceal, sell pledge, assign, transfer, encumber, impair, remove, destroy, lease, loan, dissipate or otherwise dispose or alter the status of any of the defendants' records, in whatever form, of the schemes described in plaintiff's complaint, including but not limited to

all patient records and lists and financial records;

It is additionally requested that the order provide that the above named defendants and their agents, employees, attorneys and all persons acting in concert and in participation with them who receive actual or constructive notice by personal service, by publication, or otherwise, be ordered within seven calendar days as follows:

    (5)  to provide to the plaintiff the following:

        (A)  a list of all post office boxes or other locations at which mail addressed to defendants is received;

        (B)  a list of all financial institutions, including but not limited to banks and brokerage houses, at which are or have been maintained in the past four years savings, checking, or any other kind of account or other safe deposit box into which money has been deposited in defendants' names or in the names of their agents, employees, officers, persons acting in concert with them or any business names under which they operate, together with the number or other designation of each such account or box;

        (C) a list of all financial institutions, including but not limited to, banks and brokerage houses, at which are or have been maintained in the past four years savings, checking or any other kind of account or other safe deposit box into which monies received in response to any of the activities described in plaintiff's complaint, or

previous activities in which similar Medicare suppliers have been operated, have been deposited, together with the number of such box or other designation of each such account or box;

(D) the names, addresses, and telephone numbers of any individuals who have received remuneration of any kind for assisting in record-keeping, bookkeeping, accounting, brokering or financial, investment, or tax advice or consultation for any defendant in the past four years; and

(E) all business records relating to the schemes described in plaintiff's complaint;

(6) to provide responses to discovery submitted by the United States within ten (10) days;

(7) for immediate access to the physical location of FHI and Sample Inc. so that government agents may inspect and copy books and records of the company, including patient records, as maintained in the ordinary course of business;

(8) that First Coast Service Options, Inc. ("First Coast") be authorized to withhold payment of Medicare claims for services for which defendants have not yet been reimbursed; and

(9) grant such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>
>THOMAS E. SCOTT
>UNITED STATES ATTORNEY
>
>By: *[signature]*
>LAURIE E. RUCOBA
>Assistant United States Attorney
>No. A5500052
>500 East Broward Boulevard
>Suite 700
>Ft. Lauderdale, Florida 33394
>Tel: (954) 356-7314, ext. 3613
>Fax: (954) 356-7180

TRO.MOT/cw

5