UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6143-CIV-FERGUSON/SNOW

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. )
)
FLORIDA HEALTH INSTITUTE, INC., )
SAMPLE ROAD REHABILITATION )
CENTER, INC., PENNACLE REHAB )
SERVICES OF FLORIDA, INC., )
NATIONAL MEDICAL SYSTEMS and )
SUPPLIES, INC., GATEWAY TO )
HEALTH REHABILITATION, INC., )
WEMAC, INC., and ELLIOT HOUSLEY,)
RICARDO CHOI, and ANTHONY )
MIGNOTT a/k/a MARK A. MIGNOTT, )
individually, )
)
    Defendants. )
_____ )

FILED by _____ D.C.

JAN 3 1 2000

## TEMPORARY RESTRAINING ORDER

On this **31ST** day of **January**, 2000, at **2:00 p**.m., upon consideration of plaintiff United States of America's Motion for Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief, pursuant to 18 U.S.C. §1345, the complaint filed by plaintiff United States of America, the memorandum of points and authorities in support of Plaintiff's motion for temporary restraining order and preliminary injunction, and the declaration of Special Agent Bernardo Rodriguez and the exhibits annexed thereto, the Court finds that;

(1) the United States has shown probable cause to believe that defendants Florida Health Institute, Inc., Sample Road



Rehabilitation Center, Inc., Pennacle Rehab Services of Florida, Inc., National Medical Systems and Supplies, Inc., Gateway to Health Rehabilitation, Inc., Wemac, Inc., and Elliot Housley, Ricardo Choi, and Anthony Mignott a/k/a Mark A. Mignott, individually (jointly the "defendants") are violating and are about to violate 18 U.S.C. §287;

(2) immediate and irreparable loss or damage will result to the United States before the defendants can be heard in opposition to this application, to wit: a) the continued submission of false and fraudulent claims to Medicare's fiscal agent, First Coast Service Options, Inc. (hereinafter referred to as "First Coast"), for payment from Medicare funds; and b) the transfer, loss, expenditure or concealment of substantial assets which the United States has shown probable cause to believe were obtained by defendants by presenting or causing to be presented false and fraudulent claims upon the United States in violation of 18 U.S.C. §287 (the "Assets");

(3) the provision of advance notice to the defendants will likely aggravate the damage which the order seeks to prevent because advance notice will provide the defendants with the opportunity to transfer, expend or conceal the Assets.

Based on the foregoing, the Court hereby concludes as follows:

(4) that the requested relief be considered and granted without prior notice to the defendants; and

(5) because the United States' motion is based upon 18 U.S.C. §1345, which expressly authorizes injunctive relief to protect the

public interest, no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required prior to the issuance of a temporary restraining order in this case.

After consideration of the foregoing, it is therefore

**ORDERED, ADJUDGED AND DECREED** that the defendants, their agents, servants, employees, attorneys and all persons acting in concert and participation with them, including all banking institutions at which defendants conduct business, who receive actual or constructive notice of this order by personal service, by publication or otherwise are hereby enjoined for ten days as follows:

(1)   From making or conspiring to make false or fraudulent Medicare reimbursement claims to First Coast as fiscal agent for the Medicare program in violation of 18 U.S.C. §287;

(2)   From withdrawing or transferring any moneys or sums presently deposited, or held on behalf of any defendant by any financial institution, trust fund, or other financial agency, public or private, including but not limited to any accounts maintained in the name of any of the defendants;

(3)   From taking or causing to be taken any action to conceal, sell, pledge, assign, transfer, encumber, impair, remove, destroy, lease, loan, dissipate or otherwise dispose of, in any manner, assets, real or personal, in which any of defendants acquired an interest after June 1999;

(4) From taking or causing to be taken any action to conceal, sell, pledge, assign, transfer, encumber, impair, remove, destroy, lease, loan, dissipate or otherwise dispose or alter the status of any of defendants' records, in whatever form, of the schemes described in plaintiff's complaint, including but not limited to all patient records and lists and financial records; it is

**FURTHER ORDERED, ADJUDGED AND DECREED** that the above named defendants and their agents, employees, attorneys, and all persons acting in concert and in participation with them who receive actual or constructive notice by personal service, by publication, or otherwise, are hereby ordered within seven calendar days as follows:

(5) to provide to the plaintiff the following:

(A) a list of all post office boxes or other locations at which mail addressed to defendants is received;

(B) a list of all financial institutions, including but not limited to banks and brokerage houses, at which are or have been maintained in the past four years savings, checking, or any other kind of account or other safe deposit box into which money has been deposited in defendants' names or in the names of their agents, employees, officers, persons acting in concert with them, or any business names under which they operate, together with the number or other designation of each such account or box;

(C) a list of all financial institutions, including but not limited to, banks and brokerage houses, at which are or have been maintained in the past four years savings, checking, or any

other kind of account or other safe deposit box into which monies received in response to any of the activities described in plaintiff's complaint, or previous activities in which similar Medicare providers have been operated, have been deposited, deposited, together with the number of such box or other designation of each such account or box;

(D) the names, addresses, and telephone numbers of any individuals who have received remuneration of any kind for assisting in record-keeping, bookkeeping, accounting, brokering, or financial, investment, or tax advice or consultation for any defendant in the past four years; and

(E) all business records relating to the schemes described in plaintiff's complaint;

It is **FURTHER ORDERED, ADJUDGED AND DECREED**

(6) that the defendants shall provide responses to discovery submitted by the United States within ten (10) days;

(7) that the defendants shall provide immediate access to the physical location(s) of Florida Health Institute, Inc. and Sample Road Rehabilitation Center, Inc. so that government agents may inspect and copy books and records of the company, including patient records, as maintained in the ordinary course of business;

(8) that the United States shall promptly attempt to provide notice of this action and this Order upon the defendants by, to the extent necessary, attempting service at all known addresses and by attempting telephone notice via all known telephone numbers; and it is

**FURTHER ORDERED, ADJUDGED AND DECREED**

(9) that First Coast is authorized to withhold payment of Medicare claims for services for which the defendants have not yet been reimbursed.

Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, plaintiff United States of America shall not be required to post security for the instant action.

This temporary restraining order shall remain in force until the close of business on the _11TH_ day of _FEBRUARY_, 2000, or at such later date as may be extended by the Court, or agreed upon by the parties.

The parties shall take notice that this matter shall come before the Court for a preliminary injunction hearing on the _11TH_ day of _FEBRUARY_, 2000, at _1:00_, _p._m., in accordance with plaintiff's complaint and motion for injunctive relief. Defendants may request an earlier hearing on the terms of this temporary restraining order in accordance with the terms of Federal Rule of Civil Procedure 65.

**IT IS SO ORDERED.**

_____
WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT COURT JUDGE

cc: Laurie E. Rucoba, AUSA