UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6143-CIV-
FERGUSON/SNOW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FLORIDA HEALTH INSTITUTE, INC.,
etc., et al.,

        Defendants.
_____/



### DEFENDANTS' MOTION FOR EVIDENTIARY HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND FOR CONTINUANCE OF THE FEBRUARY 11, 2000, HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM OF LAW
(Fla. Bar Nos. 133162 and 947260)

Defendants, by their undersigned attorneys, respectfully move in the above styled civil action for the entry of an order:

    (a) affording them an evidentiary hearing on Plaintiff's motion for preliminary injunction; and

    (b) continuing the February 11, 2000, hearing on Plaintiff's motion for preliminary injunction to afford Defendants a reasonable opportunity to pursue pre-evidentiary hearing discovery.

In support of this motion, Defendants respectfully direct the Court's attention to the memorandum of law which follows.

## MEMORANDUM OF LAW

In *McDonald's Corporation v. Robertson*, 147 F. 3d 455 (11th Cir. 1998), the Court of Appeals considered the circumstances under which an evidentiary hearing under Rule 65, Federal Rules of Civil Procedure, is necessary.  Judge Marcus' opinion for the Eleventh Circuit observed that "where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held."  147 F. 3d at 1312.

Plaintiff United States of America ("the Government") has in Count I of its Complaint in this civil action accused Defendants of Medicare fraud in violation of 18 U.S.C. § 287 and sought injunctive relief under 18 U.S.C. § 1345.  In Count II of its Complaint in this civil action, the Government has asserted that Defendants should be held liable to it for treble damages and penalties under the Federal False Claims Act, 31 U.S.C. §§ 3729-3733.  Finally, in Count III of its Complaint in this civil action, the Government has invoked the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3301, and claimed a creditor's pre-judgment remedies.

Defendants have this date answered the Government's Complaint by denying that they submitted false Medicare claims to the Government.

The criterion established in *McDonald's Corporation v. Robertson*, *supra*, has been satisfied in this case.   Consequently, Defendants are entitled to an evidentiary hearing with respect to the Government's motion for a preliminary injunction.

Defendants, in order adequately to prepare for an evidentiary hearing on the Government's motion for a preliminary injunction, have this date initiated pre-trial discovery

2

by (a) propounding a set of written interrogatories to the Government[1], (b) requesting that the Government produce and permit the inspection and copying of specified documents[2], and (c) noticing the deposition examination of Special Agent Bernardo Rodriguez for Friday, February 18, 2000.[3]

Proceeding on the assumption that the Government will cooperate with Defendants' discovery efforts, Defendants' undersigned counsel believes that Defendants can be adequately prepared for an evidentiary hearing on the Government's motion for preliminary injunction within forty-five (45) days. In the interim, Defendants will stipulate to the entry of an order maintaining in effect ¶¶ (1), (2), (3) and (4) of the Court's *ex parte* Temporary Restraining Order, dated January 31, 2000.[4]

---

[1] Attached hereto as Exhibit "A" is the Notice Of Service Of Defendants' First Set of Written Interrogatories To Plaintiff.

[2] Attached hereto as Exhibit "B" is Defendants' First Request For Production Of Documents To Plaintiff.

[3] Attached hereto as Exhibit "C" is Defendants' Notice Of Taking Deposition (of Special Agent Bernardo Rodriguez). The sole affidavit filed by the Government in support of its applications for a temporary restraining order and a preliminary injunction is that of Special Agent Rodriguez.

[4] Defendants have this date moved to vacate ¶ (5) of the Court's January 31, 2000, Temporary Restraining Order in this civil action. Paragraph (6) of the Court's January 31, 2000, Temporary Restraining Order is at this time ineffectual because the Government has not sought discovery from Defendants. Defendants will comply with ¶ (7) of the Court's January 31, 2000, Temporary Restraining Order in an expeditious manner.

CONCLUSION

Defendants' foregoing motion for evidentiary hearing and continuance of the February 11, 2000, hearing on the Government's motion for preliminary injunction should be granted.

Respectfully submitted,

METSCH & METSCH, P.A.
Attorneys for Defendants
1385 N.W. 15th Street
Miami, Florida 33125
(305) 545-6400
FAX: (305) 545-7224

by _____
LAWRENCE R. METSCH
FBN 133162

by _____
BENJAMIN R. METSCH
FBN 947260

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion and supporting memorandum of law was delivered this 10th day of February, 2000, to Laurie E. Rucoba, Esq., Assistant U.S. Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394.

_____
LAWRENCE R. METSCH

4

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE