UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6143-CIV-
FERGUSON/SNOW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FLORIDA HEALTH INSTITUTE, INC.,
etc., et al.,

        Defendants.
_____/



### MOTION OF DEFENDANTS ELLIOT HOUSLEY, RICARDO CHOI AND MARK A. MIGNOTT TO VACATE PARTIALLY THE JANUARY 31, 2000, TEMPORARY RESTRAINING ORDER AND SUPPORTING MEMORANDUM OF LAW
(Fla. Bar Nos. 133162 and 947260)

Defendants Elliot Housley, Ricardo Choi and Mark A. Mignott ("the Individual Defendants"), by their undersigned attorneys and pursuant to Rule 65, Federal Rules of Civil Procedure, respectfully move in the above styled civil action for the entry of an order vacating ¶ 5 of the January 31, 2000, Temporary Restraining Order ("TRO"). In support of this motion, the Individual Defendants respectfully direct the Court's attention to the following memorandum of law.

### MEMORANDUM OF LAW

Plaintiff United States of America ("the Government"), in ¶ 32 of its Complaint in this civil action, has alleged that:

> "Defendants... have presented or caused to be presented false and fraudulent claims upon the United States in violation of 18



U.S.C. § 287[1]. Defendants have knowingly and willfully presented, or caused to be presented, or caused to be presented, false and fraudulent claims to First Coast, the fiscal agent administering the Medicare program."

The TRO in pertinent part provides that:

"... it is

"FURTHER ORDERED, ADJUDGED AND DECREED that the above named defendants and their agents, employees, attorneys, and all persons acting in concert and in participation with them who receive actual or constructive notice by personal service, by publication, or otherwise, are hereby ordered within seven calendar days as follows:

"(5) to provide to the plaintiff the following:

(A) a list of all post office boxes or other locations at which mail addressed to defendants is received;

(B) a list of all financial institutions, including but not limited to banks and brokerage houses, at which are or have been maintained in the past four years savings, checking, or any other kind of account or other safe deposit box in which money has been deposited in defendants' names or in the names of their agents, employees, officers, persons acting in concert with them, or any business names under which they operate, together with the number or other designation of

---

[1] Section 287, Title 18, U.S. Code, provides:

"Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title."

2

each such account or box;

(C) a list of all financial institutions, including but not limited to, banks and brokerage houses, at which are or have been maintained in the past four years savings, checking, or any other kind of account or other safe deposit box into which monies received in response to any of the activities described in plaintiff's complaint, or previous activities in which similar Medicare providers have been operated, have been deposited, deposited, together with the number of such box or other designation of each such account or box;

(D) the names, addresses, and telephone numbers of any individuals who have received remuneration of any kind for assisting in record-keeping, bookkeeping, accounting, brokering, or financial, investment, or tax advice or consultation for any defendant in the past four years; and

(E) all business records relating to the schemes described in plaintiff's complaint..."

The Fifth Amendment to the United States Constitution in pertinent part provides that "no person... shall be compelled in any criminal case to be a witness against himself." It is settled that the Fifth Amendment's privilege against compelled self-incrimination can be invoked by an individual who is a party to a civil action. *See, e.g., United States v. Two Parcels Of Real Property Located In Russell County, Alabama*, 92 F. 3d 1123, 1129-1130 (11th Cir. 1996), and *United States v. Premises Located At Route 13*, 946 F. 2d 749, 756-757 (11th Cir. 1991). Specifically, an individual who is a party to a civil action is entitled under the Fifth Amendment to refuse to answer written interrogatories, produce documents and provide deposition/trial testimony which could provide the Government with

3

a link in an evidentiary chain leading to a criminal conviction. See, Wright and Marcus, Federal Practice and Procedure Civil 2d, Volume 8, § 2018.

The Individual Defendants justifiably fear that their compliance with ¶ 5 of the TRO would provide the Government with a link in an evidentiary chain leading to their criminal convictions under 18 U.S.C. § 287 and/or the money laundering statutes, 18 U.S.C. §§ 1956 and 1957. Under these circumstances, they are entitled to, and do hereby, invoke their Fifth Amendment privileges against compelled self-incrimination to be excused from complying with ¶ 5 of the TRO.

## CONCLUSION

The Individual Defendants' foregoing motion to vacate ¶ 5 of the TRO should be granted.

METSCH & METSCH, P.A.
Attorneys for Defendants
1385 N.W. 15th Street
Miami, Florida 33125
(305) 545-6400
FAX: (305) 545-7224

by _____
LAWRENCE R. METSCH
FBN 133162

by _____
BENJAMIN R. METSCH
FBN 947260

4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion and supporting memorandum of law was delivered this 10th day of February, 2000, to Laurie E. Rucoba, Esq., Assistant U.S. Attorney, 500 East Broward Blvd., Suite 700, Fort Lauderdale, Florida 33394.

_____
LAWRENCE R. METSCH