UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6143-CIV-FERGUSON/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION
CENTER, INC., PENNACLE REHAB
SERVICES OF FLORIDA, INC.,
NATIONAL MEDICAL SYSTEMS and
SUPPLIES, INC., GATEWAY TO
HEALTH REHABILITATION, INC.,
WEMAC, INC., ELLIOT HOUSLEY,
RICARDO CHOI, and ANTHONY MIGNOTT,
a/k/a MARK A. MIGNOTT,
individually,

    Defendants.
_____/

**NIGHT BOX FILED**
**FEB 25 2000**
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO
DEFENDANTS HOUSELY, CHOI, AND MIGNOTT'S MOTION TO VACATE
PARTIALLY THE JANUARY 31, 2000 TEMPORARY RESTRAINING ORDER

    Plaintiff, United States of America, hereby submits the following in opposition to defendants Elliot Housely, Ricardo Choi and Mark A. Mignott's (the "individual defendants") motion to vacate partially the January 31, 2000 Temporary Restraining Order issued by this Court. The individual defendants seek to vacate paragraph 5 of the Temporary Restraining Order ("TRO"), arguing that the Fifth Amendment privilege against compelled self-incrimination excuses their compliance with that paragraph.



The individual defendants blanket assertion of the Fifth Amendment privilege does not excuse their compliance with all of paragraph five of the TRO. The United States respectfully urges that paragraph five not be vacated and that the defendants be ordered to comply immediately.

The disputed portion of the TRO provides as follows:

Further Ordered, Adjudged and Decreed that the above named defendants and their agents, employees, attorneys and all persons acting in concert and in participation with them who receive actual or constructive notice by personal service, by publication, or otherwise, are ordered within seven calendar days as follows:

(5) to provide to the plaintiff the following:

(A) a list of all post office boxes or other locations at which mail addressed to defendants is received;
(B) a list of all financial institutions, including but not limited to banks and brokerage houses, at which are or have been maintained in the past four years savings, checking, or any other kind of account or other safe deposit box into which money has been deposited in defendants' names or in the names of their agents, employees, officers, persons acting in concert with them or any business names under which they operate, together with the number or other designation of each such account or box;
(C) a list of all financial institutions, including but not limited to banks and brokerage houses, at which are or have been maintained in the past four years savings, checking, or any other kind of account or other safe deposit box into which monies received in response to any of the activities described in plaintiff's complaint, or previous activities in which similar Medicare providers have been operated, have been deposited, deposited, together with the numbe of such box or other designation of each such account or box;
(D) the names, addresses, and telephone numbers of any individuals who have received remuneration of any kind for assisting in record-keeping, bookkeeping, accounting, brokering or financial, investment, or tax advice or

2

consultation for any defendant in the past four years; and
(E) all business records relating to the schemes described in plaintiff's complaint.

The general rule is that blanket refusal to produce records or to testify is simply insufficient to support a Fifth Amendment claim. See United States v. Argomaniz, 925 F.2d 1349, 1356 (11th Cir. 1991). Defendants are required to present the records and as to each record elect to raise or not raise the defense. United States v. Roundtree, 420 F.2d 845, 852 (5th Cir. 1969).

Moreover, the contents of subpoenaed business records are not privileged. United States v. Doe, 465 U.S. 605 (1984). The Supreme Court in Doe, however, held that the act of producing the records would constitute protected testimonial incrimination subject to a valid Fifth Amendment claim, since the claimant would be admitting that the records existed, were in his possession, and were authentic. The privilege was narrowed by the Court in Braswell v. United States, 487 U.S. 99, 115 (1988), holding that a corporate custodian of records could not resist a subpoena on grounds that the act of production would incriminate her in her individual capacity.

Thus, for the Fifth Amendment to apply to paragraph 5 of the TRO, the documents requested must be held by the individual defendants in their personal capacities, and not in their capacities as representatives or agents of the defendant corporations. Moreover, the documents, themselves, must be

3

incriminating. <u>Butcher v. Bailey</u>, 753 F.2d 465, 469 (6th Cir.), <u>cert</u>. <u>dismissed</u> 106 S.Ct. 17 (1985).

Clearly a review of the requested information indicates that the individual defendants will not be asked to produce incriminating information. Moreover, the defendants have failed to produce the information, in large part, for the defendant corporations. For this reason, the United States respectfully suggests that defendants be ordered to produce the requested information forwith.

Paragraph 5(A) requires the defendants to provide "a list of all post office boxes or other locations at which mail addressed to defendants is received." There is nothing incriminating about this request, and defendants should be compelled to obey the Court's Order.

Paragraph 5(B) requires the defendants to provide "a list of all financial institutions, including but not limited to banks and brokerage houses, at which are or have been maintained in the past four years savings, checking, or any other kind of account or other safe deposit box into which money has been deposited in defendants' names or in the names of their agents, employees, officers, persons acting in concert with them or any business names under which they operate, together with the number or other designation of each such account or box." Paragraph 5(C) also requires the defendants to provide "a list of all financial institutions, including but not

limited to banks and brokerage houses, at which are or have been maintained in the past four years savings, checking, or any other kind of account or other safe deposit box into which monies received in response to any of the activities described in plaintiff's complaint, or previous activities in which similar Medicare providers have been operated, have been deposited, deposited, together with the numbe of such box or other designation of each such account or box." The defendants simply may not refuse to provide this information for the identification of corporate financial account information, as this is not protected by the Fifth Amendment. Defendants have failed to provide complete corporate financial account information to the United States. Furthermore, the United States would argue that it is not testimonial incrimination to require the individual defendants to provide a list of their personal financial account information. The United States' interest is to identify all accounts that are in existence and to preserve the status quo with respect to these accounts. Defendants' refusal to comply with this portion of paragraph five has prevented the United States from verifying that all of the defendants' accounts are restrained, as ordered by this Court.

Paragraph 5(D) requires the defendants to provide "the names, addresses, and telephone numbers of any individuals who have received remuneration of any kind for assisting in record-keeping,

bookkeeping, accounting, brokering or financial, investment, or tax advice or consultation for any defendant in the past four years." Defendants have refused and have failed to provide this list for the corporate defendants and the individual defendants. There is nothing incriminating about identifying this information, and the defendants should be ordered to provide this information to the United States immediately.

Paragraph 5(E) requires the defendants to produce "all business records relating to the schemes described in plaintiff's complaint." Clearly, the Fifth Amendment does not shield the contents of voluntarily prepared business records. "If the party asserting the Fifth Amendment privilege has voluntarily compiled the document, no compulsion is present and the contents of the document are not privileged." United States v. Doe, 465 U.S. at 612, n. 10. Defendants produced one box of financial records on February 18th which consist of some bank account statements for defendants Sample Road Rehabilitation Center, Inc., Gateway to Health Rehabilitation, Inc., and National Medical Systems and Supplies, Inc. Defendants produced the last month's checks for Florida Health Institute, Inc. and Pennacle Rehab Services of Florida, Inc. and defendants failed to produce any records for Wemac, Inc. Defendants failed to produce any tax returns of the businesses, any IRS Form W-2s or 1099s, any purchase records or documents, payroll records, any cost report records, any invoices,

6

accounts payable information, receipts for vendors, physician payment records, lists of inventory or assets of the businesses, and/or corporate records. Defendants have half-heartedly complied with this Court's TRO and should be immediately ordered to produce any and all remaining records and/or lists of information as requested. If defendants fail to produce the requested information as ordered, the United States will ask that an adverse inference be taken from their failure to produce the requested information.

## CONCLUSION

For all the foregoing reasons, the United States urges that the individual defendants' Motion to Partially Vacate this Court's TRO be denied, and that defendants be ordered to produce the requested information. Should defendants believe that the production of a specific request be incriminating, the United States suggests that the information be provided <u>in camera</u> for this Court's consideration of the validity of the asserted privilege.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _/s/ Laurie E. Rucoba_
LAURIE E. RUCOBA
Assistant United States Attorney
No. A5500052
500 East Broward Boulevard
Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 356-7314, ext. 3613
Fax: (954) 356-7180

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy was faxed this 28th day of February, 2000 to:

Mr. Lawrence R. Metsch
Metsch & Metsch, P.A.
1385 N.W. 15th Street
Miami, Florida 33125
Tel: 305-545-6400
Fax: 305-545-7224

*Laurie E. Rucoba*
LAURIE E. RUCOBA
Assistant United States Attorney

8