UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6143-CIV-
FERGUSON/SNOW

UNITED STATES OF AMERICA,

           Plaintiff,

v.

FLORIDA HEALTH INSTITUTE, INC.,
etc., et al.,

           Defendants.
_____/



## MOTION OF CORPORATE DEFENDANTS FOR A PROTECTIVE ORDER AND SUPPORTING MEMORANDUM OF LAW
(Fla. Bar No. 133162)

Defendants Florida Health Institute, Inc., Sample Road Rehabilitation Center, Inc., Pennacle Rehab Services of Florida, Inc., National Medical Systems and Supplies, Inc., Gateway To Health Rehabilitation, Inc., and Wemac, Inc. ("the Corporate Defendants"), by their undersigned attorneys and pursuant to Rule 26(c), Federal Rules of Civil Procedure, respectfully move in the above styled civil action for the entry of an order excusing each of them from the obligation to designate, pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, a person to testify on oral deposition examination on its behalf.

In support of this motion, the Corporate Defendants respectfully direct the Court's attention to the following Memorandum of Law.



## MEMORANDUM OF LAW

I <u>THE GOVERNMENT'S ALLEGATIONS OF CRIMINAL MISCONDUCT</u>

Plaintiff United States of America ("the Government"), in its Complaint in this civil action, has in pertinent part alleged that:

> "5. Defendant Florida Health Institute. Inc. (`FHI'), is a corporation organized and existing under the laws of Florida since June 26, 1997, which lists as its business address 9370 Sunset Drive, Suite 103 & 104, Miami, Florida 33173. The corporate documents list Jose Pujols, Esquire, as the registered agent. Michael Scully is listed as president and director.
>
> "6. Defendant Sample Road Rehabilitation Center, Inc. (`Sample'), is a corporation organized and existing under the laws of Florida since May 6, 1997, which lists as its business address 440 East Sample Road, Suite 103, Pompano Beach, Florida 33064. The corporate documents list John E. Bodden, M.D., as the registered agent and director.
>
> "7. Defendant Pennacle Rehab Services of Florida, Inc. (`Pennacle'), is a corporation organized and existing under the laws of Florida since October 29, 1998, which lists as its business address 4200 N.W. 16th Street, Suite 310, Ft. Lauderdale, Florida 33313. The corporate documents list Elliot J. Housley as the registered agent and director.
>
> "8. Defendant National Medical Systems and Supplies, Inc. (`National Medical'), is a corporation organized and existing under the laws of Florida since September 9, 1999, which lists as its business address 7501 W. Oakland Park Blvd., Suite 101, Ft. Lauderdale, Florida 33319. The corporate documents list [Corporate] Service Company, 1201 Hays Street, Tallahassee, Florida 32301, as the registered agent. Elliot J. Housley is listed as the director.
>
> "9. Defendant Gateway to Health Rehabilitation, Inc. (`Gateway'), is a corporation organized and existing under the laws of Florida since June 2, 1997, which lists as its business address 510 N.W. 207th Avenue, Pembroke Pines, Florida 33029. The corporate documents list Ricardo Choi as the

2

registered agent and director.

"10. Defendant Wemac, Inc. (`Wemac'), is a corporation organized and existing under the laws of Florida since September 21, 1999, which lists as its business address 8366 N.W. 43rd Street, Coral Springs, Florida 33065-1304. The corporate documents list Corporate Service Company, 1201 Hays Street, Tallahassee, Florida 32301 as the registered agent. Anthony Mignott and Tony Saron are listed as directors.

"11. Anthony Mignott (`Mignott') is director of Wemac according to Florida Secretary of State Records. Mignott has signature authority for the bank accounts of Wemac, Pennacle, Sample, and FHI.

"12. Ricardo Choi (`Choi') is director of Gateway to Health Rehabilitation, Inc. Choi has signature authority for the bank accounts of Gateway, Sample and FHI.

"13. Elliott J. Housely (`Housley') is director of National Medical and Pennacle. Housley is the Registered Agent of Pennacle according to Florida Secretary of State Records. He has signature authority for the bank accounts of Pennacle, National Medical, Sample and FHI.

"14. FHI became a Medicare provider as a Comprehensive Outpatient Rehabilitation Facility (`CORF') on 1/7/98. Sample became a Medicare provider as a Comprehensive Outpatient Rehabilitation Facility (`CORF') on 11/03/97.

\*   \*   \*   \*   \*   \*

"32. Defendants Florida Health Institute, Inc., Sample Road Rehabilitation Center, Inc., Pennacle Rehab Services of Florida, Inc., National Medical Systems and Supplies, Inc., Gateway to Health Rehabilitation, Inc., Wemac, Inc., and Elliott Housley, Ricardo Choi, and Anthony Mignott a/k/a Mark A. Mignott, individually, have presented or caused to be presented false and fraudulent claims upon the United States in violation of 18

3

U.S.C. § 287.[1] Defendants have knowingly and willfully presented, or caused to be presented, false and fraudulent claims to First Coast, the fiscal agent administering the Medicare program.

"33. Defendants' fraud upon the United States constitutes a continuing and substantial injury to the United States and its citizens.

\*   \*   \*   \*   \*

"38. From June 1, 1999, defendants have presented or caused to be presented claims for payment to the United States knowing such claims were false, fictitious, or fraudulent, or with reckless disregard or deliberate ignorance of the truth or falsity of the claims."

In summary, the Government has in this civil action charged each of the Defendants, corporate and individual, with criminal misconduct involving the Medicare program.

II THE GOVERNMENT'S NOTICES OF TAKING DEPOSITIONS

The Government has noticed the deposition examination of each of the Defendants. With respect to the Corporate Defendants, the Government has requested that, pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, each designate a witness to testify on its behalf.

---

[1] Section 287, Title 18, U.S. Code, provides that:

"Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title."

4

III THE DEFENDANTS' POSITIONS

Defendants' undersigned attorneys have advised counsel for the Government that Messrs. Housley, Mignott and Choi, at their respective deposition examinations, will invoke their Fifth Amendment privileges against compelled self-incrimination and decline to testify as to any matters other than their respective pedigrees. Those deposition examinations have been scheduled for Friday, March 3, 2000, in Fort Lauderdale, Florida.

The Corporate Defendants are unable to make designations under Rule 30(b)(6), Federal Rules of Civil Procedure, because the deposition testimony of any prospective designee would expose such person to self-incrimination, in contravention of his or her privilege under the Fifth Amendment to the United States Constitution.

IV DISCUSSION

In *United States v. Kordel*, 397 U.S. 1 (1970), a corporate officer, in a civil action commenced by the United States, signed the corporation's answers to written interrogatories. Those answers were thereafter admitted into evidence at the corporate officer's criminal trial, resulting in a conviction. The Court of Appeals reversed, but the Supreme Court reinstated the conviction. Justice Stewart's opinion for the Court noted:

> "The respondents press upon us the situation where no one can answer the interrogatories addressed to the corporation without subjecting himself a `real and appreciable' risk of self-incrimination. *For present purposes we may assume that in such a case the appropriate remedy would be a protective order under Rule 30(b), postponing civil discovery until termination of the criminal action.* But we need not decide this troublesome question. For the record before us makes clear that even though the respondents had the burden of showing that the Government's interrogatories were improper, they never even asserted, let alone demonstrated, that there

III <u>THE DEFENDANTS' POSITIONS</u>

Defendants' undersigned attorneys have advised counsel for the Government that Messrs. Housley, Mignott and Choi, at their respective deposition examinations, will invoke their Fifth Amendment privileges against compelled self-incrimination and decline to testify as to any matters other than their respective pedigrees. Those deposition examinations have been scheduled for Friday, March 3, 2000, in Fort Lauderdale, Florida.

The Corporate Defendants are unable to make designations under Rule 30(b)(6), Federal Rules of Civil Procedure, because the deposition testimony of any prospective designee would expose such person to self-incrimination, in contravention of his or her privilege under the Fifth Amendment to the United States Constitution.

IV <u>DISCUSSION</u>

In *United States v. Kordel*, 397 U.S. 1 (1970), a corporate officer, in a civil action commenced by the United States, signed the corporation's answers to written interrogatories. Those answers were thereafter admitted into evidence at the corporate officer's criminal trial, resulting in a conviction. The Court of Appeals reversed, but the Supreme Court reinstated the conviction. Justice Stewart's opinion for the Court noted:

> "The respondents press upon us the situation where no one can answer the interrogatories addressed to the corporation without subjecting himself a `real and appreciable' risk of self-incrimination. *For present purposes we may assume that in such a case the appropriate remedy would be a protective order under Rule 30(b), postponing civil discovery until termination of the criminal action.* But we need not decide this troublesome question. For the record before us makes clear that even though the respondents had the burden of showing that the Government's interrogatories were improper, they never even asserted, let alone demonstrated, that there

5

> was no authorized person who could answer the interrogatories without the possibility of compulsory self-incrimination. To the contrary, the record shows that nobody associated with the corporation asserted his privilege at all. The respondents do not suggest that Feldten, who answered the interrogatories on behalf of the corporation, did so while unrepresented by counsel or without appreciation of the possible consequences. His failure at any time to assert the constitutional privilege leaves him in no position to complain now that he was compelled to give testimony against himself." (Footnotes omitted, emphasis supplied)

397 U.S. at 8-9. See, also, Paul Harrigan & Sons, Inc. v. Enterprise Animal Oil Co., Inc., 14 F.R.D. 333 (E.D. Pa., 1953), (cited by the Supreme Court in Kordel, supra,) in which the District Court postponed pre-trial discovery in the civil action until the termination of a pending criminal action involving identical facts.

Applying the foregoing authorities to this case, the Corporate Defendants are entitled to a protective order excusing them from making designations under Rule 30(b)(6), Federal Rules of Civil Procedure, in this civil action.

IV CONCLUSION

The Corporate Defendants' foregoing motion for a protective order should be granted.

Respectfully submitted,

METSCH & METSCH, P.A.
Attorneys for Defendants
1385 N.W. 15th Street
Miami, Florida 33125
(305) 545-6400
FAX: (305) 545-7722

by/s/
LAWRENCE R. METSCH
FBN 133162

6

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion and supporting memorandum of law was telecopied this 1st day of March, 2000, and that a copy of the foregoing motion and supporting memorandum of law was mailed this 1st day of March, 2000, to:

>Laurie E. Rucoba, Esq.
>Assistant U.S. Attorney
>500 East Broward Blvd.
>Suite 700
>Fort Lauderdale, FL 33394
>FAX: (954) 356-7180

_____
LAWRENCE R. METSCH