UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6143-CIV-
FERGUSON/SNOW

UNITED STATES OF AMERICA,

           Plaintiff,

v.

FLORIDA HEALTH INSTITUTE, INC.,
etc., et al.,

           Defendants.
_____/

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF DEFENDANTS ELLIOTT HOUSLEY, RICARDO CHOI
AND MARK A. MIGNOTT TO VACATE PARTIALLY THE
JANUARY 31, 2000, TEMPORARY RESTRAINING ORDER**
(Fla. Bar No. 133162)

On February 10, 2000, Defendants Elliott Housley, Ricardo Choi and Mark A. Mignott ("the Individual defendants") moved pursuant to Rule 65, Federal Rules of Civil Procedure, for the entry of an order vacating ¶ 5 of the January 31, 2000, Temporary Restraining Order ("the TRO"), which had been entered without notice to Defendants. In that motion, the Individual Defendants argued that ¶ 5 of the TRO infringes upon their respective privileges against self-incrimination, guaranteed to them by the Fifth Amendment to the United States Constitution.

Plaintiff United States of America ("the Government") has responded to the Individual Defendants' February 10, 2000, motion by arguing that compliance with ¶ 5 of the TRO would not implicate their privilege against compelled self-incrimination. The



Government's argument is premised upon the erroneous thesis that ¶ 5 of the TRO does not require the Individual Defendants to "speak".

However, ¶ 5 of the TRO commands the Individual Defendants to compile and submit to the Government lists of post office boxes, financial institutions, and individuals. Such judicially-compelled compilations would compromise the Individual Defendants' Fifth Amendment privileges against compelled self-incrimination.

Attached hereto as Exhibit "A" is a copy of Judge Hoeveler's decision in *Securities and Exchange Commission v. Rehtorik*, 755 F. Supp. 1018 (S.D. Fla. 1990), the reasoning of which the Individual Defendants applaud and adopt by reference in this Reply Memorandum of Law.

Accordingly, the Individual Defendants' February 10, 2000, motion to vacate ¶ 5 of the TRO should be granted.

        Respectfully submitted,

        METSCH & METSCH, P.A.
        Attorneys for Defendants
        1385 N.W. 15th Street
        Miami, Florida 33125
        (305) 545-6400
        FAX: (305) 545-7224

        by _____
        LAWRENCE R. METSCH
        FBN 133162

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion and supporting memorandum of law was telecopied this 1st day of March, 2000, and that a copy of the foregoing motion and supporting memorandum of law was mailed this 1st day of March, 2000, to:

Laurie E. Rucoba, Esq.
Assistant U.S. Attorney
500 East Broward Blvd.
Suite 700
Fort Lauderdale, FL 33394
FAX: (954) 356-7180

_____
LAWRENCE R. METSCH

755 F.Supp. 1018
Fed. Sec. L. Rep. P 95,611
**(Cite as: 755 F.Supp. 1018)**

▷

Page 13

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,
v.
Michael W. REHTORIK and Oscar Gomez,
Defendants.

No. 88-0735-Civ.

United States District Court,
S.D. Florida.

Oct. 2, 1990.

Securities and Exchange Commission (SEC) brought securities fraud suit. SEC sought due date for accounting of funds. Defendants moved for stay of accounting procedure. The District Court, Hoeveler, J., held that: (1) any privilege against self-incrimination to be claimed by one defendant would expire upon sentencing; (2) compelling other defendant to speak in securities fraud suit by ordering accounting of allegedly illicit funds would directly impinge right against self-incrimination; and (3) absent the accounting SEC could continue with civil case.

Motion granted in part and denied in part.

See also, --- F.R.D. ----.

[1] WITNESSES ⚙═➔297(13.1)

410k297(13.1)
Formerly 410k297(13)
Any privilege against self-incrimination to be claimed by defendant would expire upon sentencing and, therefore, after that point, would not prevent Securities and Exchange Commission (SEC) from seeking accounting for securities fraud suit. Securities Act of 1933, § 1 et seq., 15 U.S.C.A. § 77a et seq.; Securities Exchange Act of 1934, § 1 et seq., 15 U.S.C.A. § 78a et seq.; U.S.C.A. Const.Amend. 5.

[2] WITNESSES ⚙═➔297(9)
410k297(9)
Compelling defendant to speak in securities fraud suit by ordering accounting of allegedly illicit funds would directly impinge defendant's right against self-incrimination. Securities Act of 1933, § 1 et seq., 15 U.S.C.A. § 77a et seq.; Securities Exchange Act of 1934, § 1 et seq., 15 U.S.C.A. § 78a et seq.; U.S.C.A. Const.Amend. 5.

[3] CRIMINAL LAW ⚙═➔393(1)
110k393(1)
Securities and Exchange Commission (SEC) could continue with securities fraud case despite privilege against self-incrimination that gave one defendant right not to provide accounting of ill-fated investments. Securities Act of 1933, § 1 et seq., 15 U.S.C.A. § 77a et seq.; Securities Exchange Act of 1934, § 1 et seq., 15 U.S.C.A. § 78a et seq.; U.S.C.A. Const.Amend. 5.

[4] CRIMINAL LAW ⚙═➔393(1)
110k393(1)
Forcing individual to risk noncriminal disadvantage by remaining silent for fear of self-incrimination in parallel criminal proceeding does not rise to level of unconstitutional infringement. U.S.C.A. Const.Amend. 5.

[5] WITNESSES ⚙═➔297(4.1)
410k297(4.1)
Formerly 410k297(4)
Defendants could exercise privilege against self-incrimination in face of Securities and Exchange Commission's (SEC's) motion for summary judgment in securities fraud suit and could refuse to present evidence that would implicate them in alleged securities fraud, but adverse inference could be drawn from their silence. Securities Act of 1933, § 1 et seq., 15 U.S.C.A. § 77a et seq.; Securities Exchange Act of 1934, § 1 et seq., 15 U.S.C.A. § 78a et seq.; U.S.C.A. Const.Amend. 5.

[5] WITNESSES ⚙═➔297(9)
410k297(9)
Defendants could exercise privilege against self-incrimination in face of Securities and Exchange Commission's (SEC's) motion for summary judgment in securities fraud suit and could refuse to present evidence that would implicate them in alleged securities fraud, but adverse inference could be drawn from their silence. Securities Act of 1933, § 1 et seq., 15 U.S.C.A. § 77a et seq.; Securities Exchange Act of 1934, § 1 et seq., 15 U.S.C.A. § 78a et seq.; U.S.C.A. Const.Amend. 5.

[5] WITNESSES ⚙═➔309
410k309

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

Exhibit "A"

755 F.Supp. 1018
(Cite as: 755 F.Supp. 1018)

Page 14

Defendants could exercise privilege against self-incrimination in face of Securities and Exchange Commission's (SEC's) motion for summary judgment in securities fraud suit and could refuse to present evidence that would implicate them in alleged securities fraud, but adverse inference could be drawn from their silence. Securities Act of 1933, § 1 et seq., 15 U.S.C.A. § 77a et seq.; Securities Exchange Act of 1934, § 1 et seq., 15 U.S.C.A. § 78a et seq.; U.S.C.A. Const.Amend. 5.

*1018 Charles C. Harber, William P. Hicks, Miami, Fla., for Securities and Exchange Com'n.

*1019 Hugo L. Black, Jr., Miami, Fla., for defendant Rehtorik.

Michael J. Rosen, Miami, Fla., for defendant Gomez.

ORDER

HOEVELER, District Judge.

THIS CAUSE IS before the court upon two sets of opposing motions of the parties, namely, the S.E.C.'s Motion to Set Due Date for Accounting and the defendants' Motion for Stay of Accounting Procedure, and the S.E.C.'s Motion for Summary Judgment as to Issue of Disgorgement and the defendants' Motion for Stay of Disgorgement Procedure.

FACTS

The S.E.C. filed this civil action against the defendants Michael Rehtorik and Oscar Gomez in April 1988 alleging, inter alia, violations of the Securities Act of 1933, the Securities Exchange Act of 1934 and Rule 10b-5, 17 C.F.R. sec. 240.10b-5 pertaining to the fraudulent sale of securities. The S.E.C. claims defendants Rehtorik and Gomez defrauded 32 different investors of some $1,626,922.

On May 31, 1988 and June 20, 1988 defendants Rehtorik and Gomez, each consented to a separate Final Judgment of Permanent Injunction and Order Directing Defendant to Provide an Accounting and Other Relief. [FN1] Both final judgments ordered the defendants to provide an accounting to the court of all funds received from investors pursuant to the alleged unlawful scheme.

FN1. The injunctions prohibited the defendants from future fraudulent sale of securities and from improperly maintaining account records. In neither Final Judgment did either of the defendants admit to any of the allegations in the S.E.C.'s complaint. The Rehtorik final judgment ordered Michael Rehtorik to disgorge all proceeds received pursuant to the unlawful scheme described in the Commission's complaint. The Gomez final judgment did not order Oscar Gomez to disgorge funds, but reserved jurisdiction to order disgorgement if appropriate.

The Government has subsequently conducted criminal investigations against both Rehtorik and Gomez. Gomez pled guilty to securities fraud on September 17, 1990. Rehtorik was subpoenaed to appear before a grand jury in October of 1989 as a target of its criminal investigation. Almost a year later, an indictment has yet to be returned against defendant Rehtorik. It is unknown what, if any, further criminal action will be taken against Michael Rehtorik.

DISCUSSION

[1] Pursuant to the defendants' agreement to provide such an accounting in their respective final judgments, the S.E.C. has moved this court to set a due date for an accounting of the ill-fated investments. The defendants concede they owe the Government the accounting but have asserted their Fifth Amendment privilege against self-incrimination, fearing that the desired disclosure will further expose them to criminal liability. Any Fifth Amendment right which defendant Gomez can claim will expire upon his being sentenced for the crime to which he has plead. See U.S. v. Paris, 827 F.2d 395 (9th Cir.1987); Smith v. State, 283 Md. 187, 190-91, 388 A.2d 539, 541 (1978) citing Mills v. U.S., 281 F.2d 736, 741 (4th Cir.1960).

[2] Defendant Rehtorik is in a more precarious posture. He continues to be the subject of a criminal investigation. To compel him to "speak" in this civil proceeding by ordering an accounting of alleged illicit funds would directly impinge Rehtorik's right against self-incrimination. See Maness v. Meyers, 419 U.S. 449, 461, 95 S.Ct. 584, 592, 42 L.Ed.2d 574 (1975); Hoffman v. U.S., 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). In such a circumstance, it is only appropriate to grant Rehtorik's request for a stay of the accounting procedure. See e.g., Wehling v. Columbia Broadcasting System, 608 F.2d 1084, 1088-89 (5th Cir.1979).

[3][4][5] Absent the accounting, the Government may

755 F.Supp. 1018  
(Cite as: 755 F.Supp. 1018, *1019)

Page 15

nonetheless continue with its civil case against defendant Rehtorik, and likewise, against the pre-sentenced defendant Gomez. Forcing an individual to *1020 risk non-criminal disadvantage by remaining silent for fear of self-incrimination in a parallel criminal proceeding does not rise to the level of an unconstitutional infringement. Baxter v. Palmigiano, 425 U.S. 308, 317-18, 96 S.Ct. 1551, 1557-58, 47 L.Ed.2d 810 (1976); U.S. v. White, 589 F.2d 1283, 1287 (5th Cir.1979). The defendants can exercise their Fifth Amendment rights in the face of the S.E.C.'s summary judgment motion by not presenting evidence which would implicate them in the alleged securities fraud. Though an adverse inference may be drawn due to their silence, the S.E.C. must still carry its burden of proving fraud committed by the defendants; their silence alone will not give rise to automatic liability. As such, the defendants would not be compelled to speak. To speak or not to speak becomes, in such a case, a question of strategy rather than one of unconstitutional compulsion. Baxter, 425 U.S. at 317-18, 96 S.Ct. at 1557-58; U.S. v. White, 589 F.2d at 1287. Accordingly, it is hereby

ORDERED and ADJUDGED that defendant Gomez's Motion for Stay of Accounting Procedure is DENIED. Defendant Gomez is ordered to produce the requested accounting within fifteen days after sentencing. Defendant Rehtorik's Motion for Stay of Accounting Procedure is GRANTED. It is further

ORDERED and ADJUDGED that defendants' Motion for Stay of Disgorgement Procedure is DENIED. Defendants are ordered to respond to the S.E.C.'s summary judgment motion within thirty days of this order in such manner as they deem appropriate.

DONE and ORDERED.

END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works