UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6143-CIV-FERGUSON/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION
CENTER, INC., PENNACLE REHAB
SERVICES OF FLORIDA, INC.,
NATIONAL MEDICAL SYSTEMS and
SUPPLIES, INC., GATEWAY TO
HEALTH REHABILITATION, INC.,
WEMAC, INC., ELLIOT HOUSLEY,
RICARDO CHOI, and ANTHONY MIGNOTT,
a/k/a MARK A. MIGNOTT,
individually,

    Defendants.
_____/



### UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANTS' MARCH 3 AND MARCH 20 MOTIONS TO COMPEL PRODUCTION AND INSPECTION OF OI3 REPORTS OF SPECIAL AGENTS

Plaintiff, United States of America, through the undersigned

United States Attorney for the Southern District of Florida, hereby

files this Response in Opposition to Defendants' March 3 and March

20, 2000 Motions to Compel Production and Inspection of OI3

Reports, the reports of witness interviews, prepared by the Special

Agents of the U.S. Department of Health and Human Services, Office

of Inspector General, Office of Investigations (HHS/OIG/OI), who



conducted the underlying investigation. Such reports were prepared in anticipation of litigation, are work product, and not generally discoverable. In further support, the United States submits the following.

1. This is a civil action, brought by the United States to recover treble damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729 et seq., in which it is alleged that the defendants submitted, or caused to be submitted to the Medicare program, false or fraudulent claims for payment of pulmonary rehabilitation services, allegedly provided to Medicare beneficiaries. On January 31, 2000, the United States was granted a temporary restraining order to prevent further losses from being suffered by the United States and the Medicare program as a result of the alleged false claims.

2. The parties subsequently stipulated to the extension of the temporary restraining order, which was approved by this Court by Order dated February 11, 2000. The temporary restraining order is now scheduled to expire on March 31, 2000, and a hearing on the United States' request for a preliminary injunction is also scheduled for that day.

3. As set forth in the defendants' motions, the parties have engaged in some initial discovery. Defendants, having learned that the investigative agents in this case, Special Agents of the HHS/OIG/OI, conducted interviews of certain Medicare beneficiaries,

seek to compel the production of those interviews. The Form OI3s are similar to FBI 302s or DEA-6s. They are reports of interviews conducted with witnesses and are not statements attested to or signed by the witnesses. The United States asserts that these reports of interviews were prepared in anticipation of litigation, are privileged, and not subject to disclosure.

## ARGUMENT

Defendants, by seeking to compel the inspection and copying of the Form OI3s, are essentially asking for discovery from the Special Agents about what the witnesses said. The investigative reports of the Special Agents are reports of interviews of the Medicare beneficiaries which constitute materials prepared in anticipation of litigation. Work product is a common law privilege described in detail in Hickman v. Taylor, 329 U.S. 495 (1947) and codified in Fed. R. Civ. P. 26(b)(3).

Rule 26(b)(3) allows a moving party to compel disclosure of work product "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." The work product doctrine protects material prepared by the attorney as well as material prepared by agents for the attorney. United States v. Nobles, 422 U.S. 225, 238-39 (1975). Clearly, Rule 26(b)(3), Fed. R. Civ. P., creates a qualified immunity for work product documents

3

prepared in anticipation of litigation which extends to the notes and reports of witness interviews of the Special Agents involved in this case. <u>United States v. Chatham City Corp.</u>, 72 F.R.D. 640, 643 (S.D. Ga. 1976)(FBI Reports of Interviews considered work product and privileged; substantial equivalent of witness statements given to government's agents could be obtained by personal interviews).

The work product privilege is not absolute, and defendants may obtain work product material upon ". . .a showing that [they] ha[ve] a substantial need of the materials. . .and [are] unable without undue hardship, to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). Defendants have made no such showing, only submitting conclusory statements to that effect. They, presumably, want the Form OI3s to find out who the agents talked to, what was said, what information was given to the government, and what each and every witness will testify to. While this information is relevant to the allegations in the complaint, defendants' "desire" to discover what the government's case is about, does not meet the standard for discovery. As the district court in <u>United States v. Chatham City Corp.</u> discussed:

> According to the Advisory Committee Note, '[T]he requirement of a special showing for discovery of trial preparation materials reflects the view that each side's informal evaluation of its case should be protected, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side.' No longer does a diligent litigant have to invite his adversary to a feast where the fruits of his labors are freely served.

Id. at 643 (footnote omitted).

The fact that the reports of interviews of what the witnesses told to the agents may be relevant and would aid the defendants in the preparation of their defense does not amount to "good cause" or justify their production alone.  See Guilford National Bank of Greensboro v. Southern Railway Company, 297 F.2d 921 (4th Cir. 1962)(district court's required production of written statements of witnesses overturned as moving party failed to show "good cause.").  As the Third Circuit commented in Alltmont v. United States, 177 F.2d 971, 978 (1950):

> '[C]ounsel's natural desire to learn the details of his adversary's preparation for trial, to take advantage of his adversary's industry in seeking out and interviewing prospective witnesses, to help prepare himself to examine witnesses or to make sure that he has overlooked nothing are certainly not such special circumstances since they are present in every case.'

Here, the defendants are clearly able to obtain the information that they desire from the agents by other methods of discovery such as by interviewing the witnesses on their own or taking the depositions of the witnesses with direct knowledge.  The defendants have been provided with a list of the sixty Medicare beneficiaries and their addresses.  These sixty beneficiaries are the witnesses that the government focused on interviewing as they were the selected Medicare beneficiaries for sampling purposes.  Moreover, the United States provided at the deposition of Special Agent Rodriguez, a chart which identified what each particular

beneficiary told the agent who interviewed them, i.e. whether the beneficiary received any service, whether the beneficiary could be located, whether the beneficiary was referred by a friend or relative or other party.  The United States has already provided the road map to the defendants; that the defendants need to do some of their own ground work does not establish "good cause," justifying production.

The defendants also have extensive first hand knowledge of the allegations of the false claims.  The defendants may conduct their own interviews of management and therapists employed by the defendants to determine what facts or documents are known to those witnesses. A substantial equivalent of the Special Agents' reports may be obtained by defendants' personal interviews of their own fact witnesses or the Medicare beneficiaries, and/or by depositions of these witnesses themselves.  The United States has identified all the names and addresses of persons with knowledge of the subject matter of this litigation, and there is no reason that the defendants should be permitted to shortcut the road to this information by obtaining the reports of the agents directly. Permitting the defendants to do so, will enable the defendants to benefit from the government's investigative efforts.

The fact that there is cost or inconvenience to the defendants in conducting their own witnesses' interviews or depositions " 'is not in itself sufficient showing to meet the 'undue hardship'

6

requirements of the rule.'" <u>Arney v. George A. Hormel & Co.</u>, 53 F.R.D. 179, 181 (D. Minn. 1971) (citation omitted)(plaintiff's motion to compel inspection of work product documents denied because of insufficient showing of "undue hardship").

The defendants urge that the Form OI3s should be produced because the agent relied upon them in his Affidavit which was used to obtain the Temporary Restraining Order. They make the argument that the only way that they may discredit the testimony of the agent is through the reports of interviews. This is simply not the case. Defendants can interview and obtain testimony on their own and use it at the hearing to discredit the agent if that is what they discover.

For all the foregoing reasons, the United States respectfully requests that this Court deny defendants' Motion to Compel Plaintiff to Produce and Permit Inspection and Copying of Forms OI3.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _Laurie E. Rucoba_
LAURIE E. RUCOBA
Assistant United States Attorney
No. A5500052
500 East Broward Boulevard
Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 356-7314, ext. 3613
Fax: (954) 356-7180

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was mailed via first class mail on this ___24th___ day of March, 2000 to:

Mr. Lawrence R. Metsch
Metsch & Metsch, P.A.
1385 N.W. 15th Street
Miami, Florida 33125
Tel: 305-545-6400
Fax: 305-545-7224

LAURIE E. RUCOBA
Assistant United States Attorney