UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6143-CIV-FERGUSON/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION
CENTER, INC., PENNACLE REHAB
SERVICES OF FLORIDA, INC.,
NATIONAL MEDICAL SYSTEMS and
SUPPLIES, INC., GATEWAY TO
HEALTH REHABILITATION, INC.,
WEMAC, INC., ELLIOT HOUSLEY,
RICARDO CHOI, and ANTHONY MIGNOTT,
a/k/a MARK A. MIGNOTT,
individually,

    Defendants.
_____/

## UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL SPECIAL AGENT BERNARDO RODRIGUEZ TO ANSWER DEPOSITION QUESTIONS

Plaintiff, United States of America, through the undersigned United States Attorney for the Southern District of Florida, hereby files this Response in Opposition to Defendants' Motion to Compel Special Agent Bernardo Rodriguez to Answer Deposition Questions. Special Agent Rodriguez, with the Department of Health and Human Services, Office of Inspector General, Office of Investigations (HHS/OIG/OI), conducted the underlying investigation which led to

this Court's issuance of the Temporary Restraining Order in this case. The United States opposes defendants' motion on the basis that the information sought by defendants is irrelevant and privileged. This Court should not compel the agent to answer the deposition questions because of the law enforcement investigative privilege. The privilege is invoked to protect the government's interest in the secrecy and integrity of the related criminal investigation, which outweighs any need of the defendants for the information. In further support, the United States submits the following.

1. This is a civil action, brought by the United States to recover treble damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729 et seq., in which it is alleged that the defendants submitted, or caused to be submitted to the Medicare program, false or fraudulent claims for payment of pulmonary rehabilitation services, allegedly provided to Medicare beneficiaries. On January 31, 2000, the United States was granted a temporary restraining order to prevent further losses from being suffered by the United States and the Medicare program as a result of the alleged false claims.

2. The parties subsequently stipulated to the extension of the temporary restraining order, which was approved by this Court by Order dated February 11, 2000. The temporary restraining order is now scheduled to expire on March 31, 2000, and a hearing on the

United States' request for a preliminary injunction is also scheduled for that day.

3. The United States has also commenced an ongoing related criminal investigation of the activities of the individual defendants and the corporate defendants which is being conducted by the Criminal Division of the United States Attorney's Office in Ft. Lauderdale, Florida.

4. As set forth in the defendants' motion, the parties in this civil action have engaged in some initial discovery. Defendants have taken and attached to their motion, certain deposition questions posed to the agent.

5. Defendants specifically seek to compel the agent to answer questions regarding whether there are wiretaps out in connection with this case, whether the defendants are under surveillance, whether the government has scanned defendants' cell phones, whether complaints have been independently investigated, how financial information was obtained by the agent, and how the recruitment of patients occurred in this case.

6. Special Agent Rodriguez refused to answer these questions at his deposition on the basis of the law enforcement investigative privilege. His refusal was made in good faith in an attempt to protect the secrecy and integrity of a criminal investigation that was being considered at that time.

**ARGUMENT**

Defendants seek this Court's intervention to conduct a fishing expedition to obtain the details of a criminal investigation currently being conducted into its activities. The defendants confuse executive privilege with the law enforcement investigative privilege in their effort to obtain information to which they are not entitled. Moreover in the cursory pleading filed by defendants, make no showing of any need for the information such as would entitle defendants to this Court's entertaining balancing the government's interest in protecting the criminal investigation versus defendants' need for the information. Defendants' motion to compel the agent to answer improper questions asked of him during the February 18, 29000 deposition should be denied primarily because the information the defendants seek is irrelevant, and not calculated to lead to the discovery of relevant information, making it subject to discovery in accordance with Rule 26(b), Fed.R.Civ.P. Moreover, defendants have not shown how the information would aid in their preparation of this case for trial. Defendants seek the information merely to discover the agent's investigative strategy, procedures and direction, together with the identity of confidential individuals who provided information.

A.  <u>Defendants' reliance on United States v. Ernstoff and United States v. O'Neill is in Error.</u>

Defendants claim that <u>United States v. Ernstoff</u>, 183 F.R.D. 148 (D.N.J. 1998) mandates that the agent respond to the privileged

4

questions. But defendant misreads Ernstoff. In Ernstoff, the government sought to shield certain documents from disclosure based upon the deliberative process privilege. That privilege is invoked by governmental agencies to shield, as privileged, all or portions of documents from disclosure that could injure the quality of agency decisions. The rationale for the privilege is to encourage formulation of opinion and to prevent indiscriminate disclosure of deliberations that could restrict the free flow of information and recommendations. Only pre-decisional agency memoranda are protected by the privilege. See, for example, National Labor Relations Board v. Sears, Roebuck and Co., 421 U.S. 132, 150 (1975). And it is correct that an assertion of this privilege is a three step process. And one of those steps includes the assertion of a formal claim of privilege, lodged by the head of a the agency invoking the privilege. United States v. Reynolds, 345 U.S. 1, 7-8 (1973). But the Ernstoff case and the cases describing the deliberative process privilege have absolutely no relevance here. This was not the privilege that was invoked at the deposition of Special Agent Rodriguez. He invoked the investigative privilege. So while the law on the deliberative process privilege may be interesting, and in cases where that privilege is invoked the formal process must be followed, a totally different privilege is claimed here and Ernstoff does not entitle defendants to relief.

Similarly, defendants' rely in error on <u>United States v. O'Neill</u>, 619 F.2d 222 (3rd Cir. 1980), which deals primarily with the assertion of "executive privilege," again not the privilege asserted here.

B. <u>The Law Enforcement Investigative Privilege Applies Here and Defendants Have Failed to Make Any Showing of a Particularized Need for the Information Requested.</u>

The law enforcement investigative privilege, a qualified common law privilege under Fed.R.Civ.P. 26(b), exists to prevent "the harm to law enforcement efforts which might arise from public disclosure of . . .investigatory files." <u>Black v. Sheraton Corp.</u>, 564 F.2d 531, 541 (D.C. Cir. 1977). The privilege essentially serves to preserve the integrity of law enforcement techniques and confidential sources, to protect witnesses and law enforcement personnel, and to prevent interference with the investigation. <u>In Re Department of Investigation of New York</u>, 856 F.2d 481, 484 (2d Cir. 1988).

This Court must balance the public interest in nondisclosure against the needs of these particular defendants for access to the information. <u>Black v. Sheraton Corp.</u>, 564 F.2d at 545-47. One court in considering the issue of the law enforcement investigative privilege has stated that the factors to consider in undertaking this balancing test are:

> (1)whether broad disclosure of the prosecution's case may lead to perjury and manufactured evidence; (2)whether

6

>  disclosure of the identity of prospective witnesses may create the opportunity for intimidation; and (3) the possibility that criminal defendants may surprise the prosecution at trial with information developed through civil discovery, while the defendant's privilege against self-incrimination would effectively block any attempts by the Government to discover relevant evidence from the defendants.

Founding Church of Scientology v. Kelley, 77 F.R.D. 378, 381 (D.D.C. 1977).

The United States submits that all of these factors are present in the instant case. If the defendants discover the particulars of the investigative techniques being used here, it may likely lead to perjury and manufactured evidence. If the defendants discover how the financial data was obtained in this case, the agent will be forced to disclose the identity of a confidential source which may lead to intimidation. And most importantly, the defendants will have learned specific information about the criminal investigation to which they are not entitled; while the United States has been blocked from the discovery of relevant information by the defendants' assertions in this case of their Fifth Amendment self-incrimination privilege. But most significantly, defendants have failed to show the relevance of the information sought to the preparation of their civil case (what possible relevancy to the defendants in this civil case is the need to know whether there are wiretaps, surveillance or scanning devices in use), and have completely failed to establish a

compelling need for the information. See Tuite v. Henry, 98 F.3d 1411, 1417 (D.C. Cir. 1996).

But even where a party demonstrates a particularized need for the information sought, as one Circuit court opined "It seems to us however, and not only to us, that there ought to be a pretty strong presumption against lifting the privilege". Dellwood Farms, Inc. v. Cargill Inc., 128 F.3d 1122, 1125 (7th Cir. 1997). And where, as here there has been absolutely no showing of need, the balancing test should not even come into play.

Here the defendants have set forth no basis entitling them to the information they seek. And the transparency of the information sought, which relates solely as to whether certain criminal investigative techniques may have been employed against the defendants, have no bearing on the matter being litigated here. Instead defendants have conducted a blatant fishing expedition for impermissible discovery information which would likely be precluded even in a criminal case.[1] Absent any showing of need, defendants'

---

[1] Where discovery is sought in connection with civil litigation while a criminal investigation arising from the same facts is pending, courts will not permit the defendant to circumvent the restrictions placed upon criminal discovery by seeking to compel disclosure in the civil case. Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955 (1963). Defendants suggest in one of their recent filings that other courts have stayed discovery in the civil proceeding while the criminal investigation is conducted. The United States does not object to such a suggestion, assuming defendants would agree to the entry of the preliminary injunction to preserve the status quo with respect to the defendants' assets.

8

motion must be denied. <u>In re Polypopylene Carpet Antitrust Litigation,</u> 181 F.R.D. 680, 688-9 (N.D. Ga. 1998).

C. <u>Formal Claim of Privilege</u>

Defendants correctly note that a formal claim of privilege may be necessary to invoke the law enforcement investigative privilege. Most of the cases holding this proposition, however, have dealt with situations where a party has served a document request or subpoena for documents on the agency asserting the privilege. That was the case in <u>United States v. O'Neill</u>, <u>supra</u>, and in <u>United States v. Reynolds</u>, 345 U.S. 1 (1953)(claim of military secrets privilege) upon which defendants rely.

In a deposition setting, it is difficult to have ready to invoke, a formal claim of privilege since it is not known exactly what information will be sought or if the requesting party will pursue seeking the information. Such a claim of privilege must necessarily be sought after the filing of a motion to compel. The United States has obtained a formal claim of privilege in view of the defendants' motion, and the Declaration of John E. Hartwig, Deputy Inspector General for Investigations, Office of Inspector General, Department of Health and Human Services, is attached hereto and incorporated herewith.

For all the foregoing reasons, the United States respectfully requests that this Court enter an Order denying defendants' Motion

9

to Compel Special Agent Bernardo Rodriguez to Answer Deposition Questions.

                                          Respectfully submitted,

                                          THOMAS E. SCOTT
                                          UNITED STATES ATTORNEY

By: _____
                                          LAURIE E. RUCOBA
                                          Assistant United States Attorney
                                          No. A5500052
                                          500 East Broward Boulevard
                                          Suite 700
                                          Ft. Lauderdale, Florida 33394
                                          Tel: (954) 356-7314, ext. 3613
                                          Fax: (954) 356-7180

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was mailed via first class mail on this 24 day of March, 2000 to:

Mr. Lawrence R. Metsch
Metsch & Metsch, P.A.
1385 N.W. 15th Street
Miami, Florida 33125
Tel: 305-545-6400
Fax: 305-545-7224

                                 _____
                                 LAURIE E. RUCOBA
                                 Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6143-CIV-FERGUSON/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION
CENTER, INC., PENNACLE REHAB
SERVICES OF FLORIDA, INC.,
NATIONAL MEDICAL SYSTEMS and
SUPPLIES, INC., GATEWAY TO
HEALTH REHABILITATION, INC.,
WEMAC, INC., ELLIOT HOUSLEY,
RICARDO CHOI, and ANTHONY MIGNOTT,
a/k/a MARK A. MIGNOTT,
individually,

    Defendants.
_____/

### DECLARATION OF JOHN E. HARTWIG

    I, John E. Hartwig, Deputy Inspector General for Investigations, Office of Inspector General ("OIG") declare as follows:

    1. I am in charge of the Office of Investigations ("OI") OIG in the Department of Health and Human Services ("HHS"). I report to and am under the direct supervision of the Inspector General at

HHS. I have held this position since June, 1995. I have been a supervisor in OI since 1984. The principle function of OI is the investigation of potential criminal violations in the programs and operations of HHS, including the Medicare program. In this position, I have authority to make decisions regarding requests for disclosures of information concerning investigations conducted by Special Agents of the Department of Health and Human Services, Office of Inspector General, Office of Investigations.

2. As a result of my responsibilities, I am thoroughly familiar with the policies, practices, and procedures in the conduct of investigations by Special Agents.

3. I have personally reviewed the Defendants' Motion to Compel Special Agent Bernardo Rodriguez to Answer Deposition Questions and Supporting Memorandum of Law, together with the attached list of questions and answers that are the subject of dispute.

4. Based upon my reading of defendants' motion and my understanding of the facts as presented by the Special Agent and the Assistant United States Attorney responsible for this case, I I respectfully assert the law enforcement investigation privilege on behalf of the Department of Health and Human Services in relation to the information sought. I have formed the opinion that this information should not be disclosed.

2

5. Disclosure of the requested information could seriously compromise an ongoing related criminal investigation, and could impede law enforcement efforts in the successful prosecution of health care fraud matters. Disclosure could compromise the secrecy and integrity of the investigation, could reveal law enforcement techniques and sources, and could disclose strategy, procedure and direction of the investigation which could negatively impact the future criminal prosecution.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of March, 2000.

John E. Hartwig
Department of Health and
 Human Services
Deputy Inspector General
 for Investigations

3