UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6143-CIV-FERGUSON/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION
CENTER, INC., PENNACLE REHAB
SERVICES OF FLORIDA, INC.,
NATIONAL MEDICAL SYSTEMS and
SUPPLIES, INC., GATEWAY TO
HEALTH REHABILITATION, INC.,
WEMAC, INC., ELLIOT HOUSLEY,
RICARDO CHOI, and ANTHONY MIGNOTT,
a/k/a MARK A. MIGNOTT,
individually,

    Defendants.
_____/

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO**
**MOTION OF CORPORATE DEFENDANTS FOR PROTECTIVE ORDER**

Plaintiff, United States of America, through the undersigned United States Attorney for the Southern District of Florida, hereby files this Response in Opposition to the Motion of Corporate Defendants for a Protective Order. Defendants seek a protective order from this Court, excusing them from making designations under Rule 36(b)(6), Fed.R.Civ.P., in this action, on the basis of the Fifth Amendment privilege against self-incrimination. The United States opposes defendants' motion on the basis that corporations



may not assert the Fifth Amendment, and the corporate defendants have a duty to designate, or at a minimum, seek to designate, a person within the organization who is knowledgeable about the subject matter identified in the areas of inquiry. In further support, the United States submits the following.

1. This is a civil action, brought by the United States to recover treble damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729 et seq., in which it is alleged that the defendants submitted, or caused to be submitted to the Medicare program, false or fraudulent claims for payment of pulmonary rehabilitation services, allegedly provided to Medicare beneficiaries. On January 31, 2000, the United States was granted a temporary restraining order to prevent further losses from being suffered by the United States and the Medicare program as a result of the alleged false claims.

2. The parties subsequently stipulated to the extension of the temporary restraining order, which was approved by this Court by Order dated February 11, 2000. The temporary restraining order is now scheduled to expire on March 31, 2000, and a hearing on the United States' request for a preliminary injunction is also scheduled for that day.

3. The United States has also commenced an ongoing related criminal investigation of the activities of the individual defendants and the corporate defendants which is being conducted by

the Criminal Division of the United States Attorney's Office in Ft. Lauderdale, Florida. At the present time, the individual defendants, Ricardo Choi, Elliot Housely, and Anthony Mignott, are subjects of the criminal investigation.

4. The United States issued Rule 30(b)(6) notices, pursuant to the Federal Rules of Civil Procedure which are attached hereto. The United States sought to depose an individual or individuals from each of the five corporate defendants who is or are familiar with the areas of inquiry. Copies of the 30(b)(6) notices are attached as Exhibit A. The United States sought to inquire about the following areas: a) operations of business; b) ownership and control of corporation and its activities; and if applicable, c) Medicare claims processing, claims records, billing and payments; d) general file keeping, storage and retrieval system for records, including patient records; e) Medicare cost reports; f) Patient care and services provided to Medicare beneficiaries; g) Referring or attending physician operations, practices, policies; h) Corporate personnel, employees, contractors, consultants, and accountants; and i) Efforts by corporations to comply with applicable governmental regulations, including all internal corporate guidelines and policies, and all continuing compliance measures or self-audit activities.

3

5. Defendants refused to produce anyone at any of the corporate depositions and filed their motion for protective order on March 1, 2000.

**ARGUMENT**

It is well established that corporations are not protected by the Fifth Amendment. <u>Bellis v. United States</u>, 417 U.S. 605 (1984); <u>Braswell v. United States</u>; 487 U.S. 99, 104 (1988). As the corporation has no Fifth Amendment privilege, the privilege may not be asserted on the basis of the contents of corporate books and records. <u>Braswell</u>, 487 U.S. at 104, 108. Moreover, as the Supreme Court has noted, the Fifth Amendment protects against only compelled self-incrimination, and where preparation of records is voluntary, no element of compulsion is present. <u>Fisher v. United States</u>, 425 U.S. 391, 396, 409-10 (1976).

Defendants contend that they are unable to make designations under Rule 30(b)(6), Fed.R.Civ.P., "because the deposition testimony of **any** prospective designee would expose such person to self-incrimination, in contravention of his or her privilege under the Fifth Amendment to the United States Constitution." (Defendants' Brief at 5, emphasis added). Defendants' blanket refusal to make any corporate designation, without more, simply must fail.

Certainly, the United States will concede that if the corporate defendants designate one of the three individual

4

defendants in this case, Anthony Mignott, Ricardo Choi, or Elliot Housely, then the Fifth Amendment privilege against compelled self-incrimination would apply. Defendants should not be successful in shielding themselves from inquiry, by operating as corporate entities and then refusing to designate any one as a Rule 30(b)(6) witness.

There are other persons that the corporate defendants may designate to answer some, if not all, of the areas of inquiry. There must be someone available who is familiar with the corporate books and records - an in house accountant, a bookkeeper or other recordkeeper. There must also be someone at the corporation who is familiar with the billings and claims processing, other than the individual subject defendants. Defendants billed over $7 million to the Medicare program in the course of their operations of the businesses - surely the individual defendants were not the only individuals in the corporate structure with knowledge of claims processing. Certainly a human resources person may know about the employees and independent contractors; and a marketing director may have knowledge about physician referrals. Under the applicable regulations for a Comprehensive Outpatient Rehabilitation Center ("CORF") which the defendants operated, the CORF is required to have a facilities' Administrator: a person responsible for overall management of facility who implements and enforces facilities' policies and procedures, and who is professionally and

5

administratively responsible for personnel providing facility services.  See 42 C.F.R. § 485.56(b).

For example, the Florida Health Institute and Sample Road Rehabilitation Center corporate defendants were Medicare providers who provided outpatient rehabilitation services to Medicare beneficiaries.  In response to the United States' request for an employee list for the corporations, defendants produced the attached list at Exhibit B.  That list identifies two Administrators, Rosario Andino and Diane Hernandez, who may be in a position to answer many of the government's questions.  There may be other Administrators not on this list who defendants have knowledge of and could designate.  The United States has learned that other individuals, such as Debbie Bland, may have been instrumental in the operations of the businesses and may be in a position to answer certain areas of inquiry.  Other office employees are identified on the list, including Shawn Ford, Terrence Hinds, Shaneka Ford, Sandra Formoso, Yailyng Prado, Mariela Rodriguez, Sandra Stemerman, and Kizzy Todman.  These individuals may possess knowledge about the areas of inquiry, and someone at each of the corporations may be designated as a custodian of records.

Clearly the custodian of corporate records has no Fifth Amendment privilege.  Bellis v. United States, 417 U.S. at 110 ("no privilege can be claimed by the custodian of corporate records,

6

regardless of how small the corporation may be"). The policy reason for this limitation is that

> recognizing a Fifth Amendment privilege on behalf of the records custodians of collective entities would have a detrimental impact on the Government's efforts to prosecute 'white-collar crime,' one of the most serious problems confronting law enforcement authorities. 'The greater portion of evidence of wrongdoing by an organization or its representatives is usually found in the official records and documents of the organization. Were the cloak of privilege to be thrown around these impersonal records and documents, effective enforcement of many federal and state laws would be impossible.'

Braswell v. United States, 487 U.S. at 115 (footnote omitted) (quoting United States v. White, 322 U.S. 694, 700 (1944)). Unquestionably in the defendants' operations of their businesses, they are in a position to designate at a minimum, a custodian, to testify regarding the financial books and records and patient records produced to date.

For all the foregoing reasons, the United States respectfully requests that this Court enter an Order denying the Motion of the Corporate Defendants for a Protective Order, and ordering the

7

designation of an individual or individuals with knowledge of the areas of inquiry, pursuant to Rule 30(b)(6), Fed.R.Civ.P.

Respectfully submitted,

THOMAS E. SCOTT<br>
UNITED STATES ATTORNEY

By: _____
LAURIE E. RUCOBA
Assistant United States Attorney
No. A5500052
500 East Broward Boulevard
Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 356-7314, ext. 3613
Fax: (954) 356-7180

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed via first class mail on this 24th day of March, 2000 to:

Mr. Lawrence R. Metsch
Metsch & Metsch, P.A.
1385 N.W. 15th Street
Miami, Florida 33125
Tel: 305-545-6400
Fax: 305-545-7224

_____
LAURIE E. RUCOBA
Assistant United States Attorney

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE