UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6143-CIV-FERGUSON/SNOW

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

FLORIDA HEALTH INSTITUTE, INC., *et al.*,

      Defendants.

_____/

NIGHT BOX
FILED

APR 13 2000

CLARENCE ...
CLERK, USDC ...

UNITED STATES OF AMERICA'S RESPONSE TO
RENE DE LAMAR'S MOTION FOR PROTECTIVE ORDER

    Plaintiff, United States of America ("United States"), through the undersigned United States Attorney for the Southern District of Florida, hereby files this Response to Dr. Rene de Lamar's ("Dr. de Lamar") Motion for Protective Order [DE 40].

    The United States subpoenaed Dr. de Lamar to testify at the preliminary injunction hearing held on April 5, 2000. Prior to that hearing, the United States took Dr. de Lamar's deposition. Defendants' counsel attended the deposition and had the opportunity to examine Dr. de Lamar. After being served with the subpoena, Dr. de Lamar filed his Motion for Protective Order asserting that he was unavailable to testify at the hearing due to his medical condition. The United States does not oppose Dr. de Lamar's Motion so long as the Court accepts his deposition testimony which was filed in support of the Preliminary Injunction as substantive evidence [DE 39].

    The issue of Dr. de Lamar's testimony was briefly addressed at the preliminary injunction hearing. First, prior to the hearing, the parties stipulated to the admission of Dr. de Lamar's



deposition transcript. Based on that stipulation, Dr. de Lamar's complete deposition testimony is before the Court as substantive evidence. Second, the deposition testimony is substantive evidence and not hearsay because <u>Federal Rule of Civil Procedure</u> 32 allows this Court to accept his deposition transcript as substantive evidence based on his sworn affidavit that he is medically unfit to testify. Nonetheless, even if Dr. de Lamar's testimony or any of the other evidence submitted by the United States was hearsay, the law is clear that this Court may enter the preliminary injunction based on hearsay.

For example, in <u>Federal Sav. & Loan Ins. Corp. v. Dixon</u>, defendants argued that the district court abused its discretion by entering a preliminary injunction without a hearing based solely on affidavits and depositions. <u>Dixon</u>, 835 F.2d 554, 558 (5th Cir. 1987). In response, the plaintiff argued that the district court need not conduct a hearing of any kind. <u>Id.</u> at 558-59. The Fifth Circuit held that "[t]he defendants do not point to any convincing factual disputes[1] that we deem material to our decision today, and so we hold that granting a preliminary injunction without an evidentiary

---

[1] Similarly, in this case, there is no "convincing factual dispute." Defendants desire an opportunity to attack the government's evidence and delay entry of the preliminary injunction. At this stage, they have no right to do so, and they have proven that any further hearing is simply an inefficient use of time. As proof of this, one need only consider the one witness called by the defendants at the hearing, Dr. Blumberg. Dr. Blumberg's testimony was purportedly offered to support the defendants' position that the government could not establish "probable cause" to believe the defendants knowingly submitted false claims. However, rather than support the defendants, Dr. Blumberg confessed to playing an integral role in the defendants' scheme to defraud Medicare. He testified that as defendants' employee he did not examine patients before prescribing therapy and that this was the way defendants operated. His testimony about his personal conduct establishes *beyond a reasonable doubt* that false claims were submitted. Further, his confession was in addition to his testimony confirming that his signature was forged and photocopied on 70 percent of the files. Defendants argued to this Court that they could not examine Dr. Blumberg without each and every file. This argument is meritless - the defendants are not entitled to turn the preliminary injunction hearing into a trial on the merits. In addition, the files examined by Dr. Blumberg were produced to the United States by the defendants. The United States respectfully submits that there is probable cause to believe the defendants submitted false claims to the Medicare program and the preliminary injunction should be entered.

hearing was within the district court's discretion." Id. (citing Commerce Park at DFW Freeport v. Mardian Construction Co., 729 F.2d 334, 341 (5th Cir. 1984)); see also Asseo v. Pan American Grain Co., Inc., 805 F.2d 23 (1st Cir. 1986) (hearsay is acceptable to support entry of a preliminary injunction). In this case, the Court held a hearing and has the substantive testimony of both Dr. de Lamar and Dr. Blumberg.

The Eleventh Circuit has not published an opinion squarely addressing this issue. However, it has found that hearsay is admissible to "to support the existence of probable cause," Nnadi v. Richter, 976 F.2d 682, 686-87 (11th Cir. 1992), and that probable cause is the level of proof necessary for the entry of the preliminary injunction under 18 U.S.C. § 1345. See United States v. DBB, Inc., et al., 180 F.3d 1277, 1280 (11th Cir. 1999).

For all the foregoing reasons, Dr. de Lamar's Motion for Protective Order [DE 40] should be Granted as the parties have stipulated to the admission of his deposition testimony.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: *[signature]*
J. Kirk Ogrosky, No. A5500479
Laurie E. Rucoba, No. A5500052
Assistant United States Attorneys
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132-2111
(305) 961-9401
(305) 536-4101 fax

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing United States of America's Response to Dr. de Lamar's Motion for Protective Order was mailed this 14th day of April, 2000, to Stuart A. Markus, Markus & Winter, P.A., 2251 S.W. 22nd Street, Miami, Florida 33145, and Lawrence R. Metsch, Esq., Metsch & Metsch, P.A., 1385 N.W. 15th Street, Miami, Florida 33125.

By: _____
FOR: J. Kirk Ogrosky