

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale  FL  33301

January 17, 2001

RE: 00-12258-BB    USA v. Florida Health Institute, Inc.
DC DKT NO.:  00-06143 CV-WDF

TO:  Clarence Maddox

CC:  Lawrence R. Metsch

CC:  Sally M. Richardson

CC:  Laurie E. Rucoba

CC:  Anne R. Schultz

CC:  Jonathan D. Colan

CC:  Benjamin Robert Metsch

CC:  Administrative File



## United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

January 17, 2001

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301



RE: 00-12258-BB    USA v. Florida Health Institute, Inc.
DC DKT NO.: 00-06143 CV-WDF

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:

Bill of Costs
    Original Exhibits, consisting of: one psi.
    Original record on appeal or review, consisting of: four volumes.

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

               Sincerely,

               THOMAS K. KAHN, Clerk

               Reply To: Lisa Streeter (404) 335-6134

Encl.

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

January 17, 2001



Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 00-12258-BB    USA v. Florida Health Institute, Inc.
DC DKT NO.: 00-06143 CV-WDF

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:

Bill of Costs
　Original Exhibits, consisting of: one psi.
　Original record on appeal or review, consisting of: four volumes.

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

　　　　　　Sincerely,

　　　　　　THOMAS K. KAHN, Clerk

　　　　　　Reply To: Lisa Streeter (404) 335-6134

Encl.

MDT-1 (1-2001)

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
BILL OF COSTS

DEC 05 2000

_Florida Health Institute, Inc._
Appellant

vs.

_United States of America_
Appellee

Case No. _00-12258-BB_

U.S. COURT
ELEVENTH CIR.
DEC 05 2000

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

**INSTRUCTIONS**

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ($.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) In-House | Repro. Method (Mark One) Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellant's Brief | | | | | | | |
| Record Excerpts | | | | | | | |
| Appellee's Brief | ✓ | | 30 | 10 | 300 | 45.00 | $45.00 |
| Reply Brief | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | TOTAL | $ 45.00 REQUESTED | $45.00 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: _12/4/00_      Signature: _[signature]_

Attorney for: _United States of America_
(Type or print name of client)

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit
_[signature] Lisa Sheeler_
Deputy Clerk

**FOR COURT USE ONLY**

Costs are hereby taxed in the amount of $ _45.00_ against _Defendants-Appellants_

and are payable directly to _Plaintiffs-Appellee_

Thomas K. Kahn, Clerk

Issued on: _JAN 1 7 2001_      By: _Brooke P. May_
Deputy Clerk

MISC-12

# United States Court of Appeals

For the Eleventh Circuit

No. 00-12258

District Court Docket No.
00-06143-CV-WDF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Nov 21, 2000

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION CENTER, INC.,
PENNACLE REHAB SERVICES OF FLORIDA, INC.,
NATIONAL MEDICAL SYSTEMS AND SUPPLIES, INC.,
GATEWAY TO HEALTH REHABILITATION, INC.,
WEMAC, INC.,
ELLIOT HOUSLEY,
RICARDO CHOI,
ANTHONY MIGNOTT,
a.k.a. Mark A. Mignott,

    Defendants-Appellants,



---

Appeal from the United States District Court
for the Southern District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion, included herein by reference, is entered as the judgment of this Court.

Entered:    November 21, 2000
For the Court:    Thomas K. Kahn, Clerk
By:    McCombs, Elaine

ISSUED AS MANDATE
JAN 1 7 2001
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21 2000
THOMAS K. KAHN
CLERK
```

No. 00-12258
Non-Argument Calendar

D. C. Docket No. 00-06143-CV-WDF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION
CENTER, INC., et al.,



Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Florida

(November 21, 2000)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellants appeal the district court's order granting Appellee's motion for a preliminary injunction. Appellants raise the following issues on appeal: (1) whether the district court erred when it found, pursuant to 18 U. S. C. § 1345(a)(1)(A), that Appellants were submitting or about to submit false Medicare claims in violation of 18 U. S. C. § 287, and (2) whether the district court erred when, pursuant to 18 U. S. C. § 1345(a)(2), it enjoined Appellants from transferring their assets.[1]

The grant or denial of a preliminary injunction is subject to a mixed standard of review. *See, e.g., Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir. 1997) (citing *SunAmerica Corp. v. Sun Life Assurance Co. of Can.*, 77 F.3d 1325, 1333 (11th Cir. 1997)). A district court's factfindings are subject to a clearly erroneous standard of review, while its application of law is subject to de novo review. *See, e.g., id.* The grant of injunctive relief is reviewed for abuse of discretion, meaning we must affirm unless the district court made a clear error of judgment or has applied an incorrect legal standard. *See, e.g., id.*

We affirm without discussion on the first issue raised by Appellants. *See* 11th Cir. R. 36-1. With respect to the second issue, Appellants argue that the district court

---

[1] Sample Road Rehabilation Center, Inc., Gateway to Health Rehabilitation, Inc., and Ricardo Choi are no longer parties to this appeal. We previously granted their motion to dismiss their appeal.

2

clearly erred by not setting forth any factual findings regarding the alienation or disposition of proceeds obtained by Appellants from fraudulent Medicare claims.

Contrary to Appellants' argument, the district court did find that, absent an injunction, the probable result was a "transfer, loss, expenditure, or concealment of substantial assets" obtained by Appellants through false Medicare claims. Moreover, the district court expressly stated that it was granting the injunction "[b]ased on the affidavits and deposition testimony" before it. In one of these affidavits, a government agent attested that some of participants in the fraudulent scheme had already transferred large sums of money to foreign accounts. Thus, we conclude that the district court did not clearly err in its findings, and it did not abuse it discretion in granting Appellee's motion for a preliminary injunction.

Lastly, we remind the parties that our opinion addresses solely Appellee's motion for preliminary injunction and the district court's grant thereof. We express no opinion on the merits of Appellee's claims, as they are not presently before us. *See Royal Crown Cola Co. v. Coca-Cola Co.*, 887 F.2d 1480, 1485-86 (11th Cir. 1989) (noting that grant of preliminary injunction was not an adjudication on the merits).

AFFIRMED.

3

# United States Court of Appeals

For the Eleventh Circuit

No. 00-12258

District Court Docket No.
00-06143-CV-WDF



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Nov 21, 2000

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION CENTER, INC.,
PENNACLE REHAB SERVICES OF FLORIDA, INC.,
NATIONAL MEDICAL SYSTEMS AND SUPPLIES, INC.,
GATEWAY TO HEALTH REHABILITATION, INC.,
WEMAC, INC.,
ELLIOT HOUSLEY,
RICARDO CHOI,
ANTHONY MIGNOTT,
a.k.a. Mark A. Mignott,



FILED by _____ D.C.
DKTG

JAN 19 ...

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.



    Defendants-Appellants,

---

Appeal from the United States District Court
for the Southern District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion, included herein by reference, is entered as the judgment of this Court.

Entered:   November 21, 2000
For the Court:   Thomas K. Kahn, Clerk
By:   McCombs, Elaine



[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

NOV 21 2000

THOMAS K. KAHN
CLERK

No. 00-12258
Non-Argument Calendar

D. C. Docket No. 00-06143-CV-WDF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION
CENTER, INC., et al.,



Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Florida

(November 21, 2000)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellants appeal the district court's order granting Appellee's motion for a preliminary injunction . Appellants raise the following issues on appeal: (1) whether the district court erred when it found, pursuant to 18 U. S. C. § 1345(a)(1)(A), that Appellants were submitting or about to submit false Medicare claims in violation of 18 U. S. C. § 287, and (2) whether the district court erred when, pursuant to 18 U. S. C. § 1345(a)(2), it enjoined Appellants from transferring their assets.[1]

The grant or denial of a preliminary injunction is subject to a mixed standard of review. *See, e.g., Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir. 1997) (citing *SunAmerica Corp. v. Sun Life Assurance Co. of Can.*, 77 F.3d 1325, 1333 (11th Cir. 1997)). A district court's factfindings are subject to a clearly erroneous standard of review, while its application of law is subject to de novo review. *See, e.g., id.* The grant of injunctive relief is reviewed for abuse of discretion, meaning we must affirm unless the district court made a clear error of judgment or has applied an incorrect legal standard. *See, e.g., id.*

We affirm without discussion on the first issue raised by Appellants. *See* 11th Cir. R. 36-1. With respect to the second issue, Appellants argue that the district court

---

[1] Sample Road Rehabilation Center, Inc., Gateway to Health Rehabilitation, Inc., and Ricardo Choi are no longer parties to this appeal. We previously granted their motion to dismiss their appeal.

clearly erred by not setting forth any factual findings regarding the alienation or disposition of proceeds obtained by Appellants from fraudulent Medicare claims.

Contrary to Appellants' argument, the district court did find that, absent an injunction, the probable result was a "transfer, loss, expenditure, or concealment of substantial assets" obtained by Appellants through false Medicare claims. Moreover, the district court expressly stated that it was granting the injunction "[b]ased on the affidavits and deposition testimony" before it. In one of these affidavits, a government agent attested that some of participants in the fraudulent scheme had already transferred large sums of money to foreign accounts. Thus, we conclude that the district court did not clearly err in its findings, and it did not abuse it discretion in granting Appellee's motion for a preliminary injunction.

Lastly, we remind the parties that our opinion addresses solely Appellee's motion for preliminary injunction and the district court's grant thereof. We express no opinion on the merits of Appellee's claims, as they are not presently before us. *See Royal Crown Cola Co. v. Coca-Cola Co.*, 887 F.2d 1480, 1485-86 (11th Cir. 1989) (noting that grant of preliminary injunction was not an adjudication on the merits).

AFFIRMED.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: Lisa Hretter
Deputy Clerk
Atlanta, Georgia

3