UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6143-CIV-FERGUSON/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION
CENTER, INC., PENNACLE REHAB
SERVICES OF FLORIDA, INC.,
NATIONAL MEDICAL SYSTEMS and
SUPPLIES, INC., GATEWAY TO
HEALTH REHABILITAITON, INC.,
WEMAC, INC., and ELLIOT HOUSLEY
RICORDO CHOI, and ANTHONY
MIGNOTT a/k/a MARK A. MIGNOTT,
individually,

    Defendants.
_____/

### GOVERNMENT'S MOTION TO VACATE
### IN PART OMNIBUS ORDER ON PENDING
### MOTIONS FILED ON MARCH 8, 2001

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves the Court to vacate in part its Omnibus Order on Pending Motions, entered March 8, 2001.

Specifically, the government requests the Court vacate Paragraph number 1 of that Omnibus Order which granted and set an evidentiary hearing date on Defendants' Motion for Evidentiary Hearing on Plaintiff's Motion for Preliminary Injunction [DE 19]. By way of background, on April 20, 2000, the Court granted the



government's motion for entry of a preliminary injunction after conducting an evidentiary hearing. A copy of that order is appended hereto as Exhibit A. Thereafter, defendants appealed the Court's ruling to the Eleventh Circuit. The Court of Appeals affirmed your honor's ruling. A copy of that opinion is appended hereto as Exhibit B. Accordingly, defendants' motion for an evidentiary hearing is now moot.

For the forgoing reasons, the Court should vacate paragraph number 1 of its Omninus Order on Pending Motions, entered March 8, 2001, and should deny defendant's motion [DE 19] as moot.

Dated: March 13, 2001

        Respectfully submitted,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

By: *[signature]*
    LISA HU BARQUIST
    Assistant U.S. Attorney
    Court ID No. A5S00217
    99 N.E. 4th Street, 3rd Floor
    Miami, Florida 33132
    Tel: (305) 961-9338
    Fax: (305) 536-4101
    Lisa.Barquist@usdoj.gov

PROOF OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 13th day of March, 2001 to: Lawrence R. Metsch, Esq., Metsch & Metsch, P.A., 1385 N.W. 15th Street, Miami, Florida 33125.

/s/ Lisa Hu Barquist
LISA HU BARQUIST
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6143-CIV-FERGUSON/SNOW

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION
CENTER, INC., PENNACLE REHAB
SERVICES OF FLORIDA, INC.,
NATIONAL MEDICAL SYSTEMS and
SUPPLIES, INC., GATEWAY TO
HEALTH REHABILITATION, INC.,
WEMAC, INC., ELLIOT HOUSLEY,
RICARDO CHOI, and ANTHONY
MIGNOTT, a/k/a MARK A. MIGNOTT,
individually,

        Defendants.
_____/

## ORDER GRANTING UNITED STATES OF AMERICA'S
## MOTION FOR ENTRY OF PRELIMINARY INJUNCTION

THIS MATTER came before the Court upon the United States of America's Motion for Entry of Preliminary Injunction based on Substantial Evidence [DE 37], and Motion for Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief, pursuant to 18 U.S.C. § 1345 [DE 2]; and the Motion to Vacate the Temporary Restraining Order [DE 26] filed by Florida Health Institute, Inc. ("FHI"), Sample Road Rehabilitation Center, Inc. ("Sample Rehab"), Pennacle Rehab Services of Florida, Inc., National Medical Systems and Supplies, Inc., Gateway to Health Rehabilitation, Inc., Wemac, Inc., Elliot Housley ("Housley"), Ricardo Choi ("Choi"), and Anthony Mignott a/k/a Mark A. Mignott ("Mignott") (collectively the "defendants").



GOVERNMENT EXHIBIT A

DE 45

THE COURT has considered the above referenced Motions, the sworn Affidavits and Deposition transcripts filed in support of the motion for entry of Preliminary Injunction, argument of counsel, the pertinent portions of the record and is otherwise fully advised. Pursuant to *Federal Rule of Civil Procedure* 52(a), the Court makes the following findings of fact and conclusions of law in support of granting the Preliminary Injunction:

1. First Coast Service Options, Inc. ("First Coast") is a Health Care Financing Administration ("HCFA") contracted fiscal intermediary which performs services for the United States Department of Health and Human Services' Medicare program. As an intermediary, First Coast's primary duty is the payment of Medicare funds to providers based upon claims submitted by those providers.

2. On June 9, 1999, defendant Mignott purchased Florida Health Institute, Inc. ("FHI"), a Medicare provider. Between June 9, 1999, and December 31, 1999, First Coast paid FHI approximately $2,303,504 for therapy supposedly provided to beneficiaries of the Medicare program. FHI listed its officers as follows: president Housley, vice-president Mignott, and treasurer Choi.

3. On May 13, 1999, defendant Choi purchased Sample Road Rehabilitation Center, Inc. ("Sample Rehab"), a Medicare provider. Between May 13, 1999, and December 31, 1999, First Coast paid Sample Rehab approximately $3,933,675 for therapy supposedly provided to beneficiaries of the Medicare program. Sample Rehab listed Mignott, Housley, and Choi as signatories on its bank account.

4. In total, First Coast paid FHI and Sample Rehab approximately $6,237,179 on behalf of the Medicare program since the dates Choi and Mignott purchased the companies.

5. The evidence, as presented to the Court, was sufficient to establish probable cause to believe that false claims have been submitted to the Medicare program by the defendants in connection with at least $4,451,944 of the claims paid to the defendants and in support thereof the Court finds as follows:

(a) The deposition testimony of Dr. Rene de Lemar established that Dr. de Lemar did not order pulmonary rehabilitation, respiratory therapy, occupational therapy or physical therapy for the vast majority of the patients for whom the defendants submitted claims to the Medicare Program. In addition, the testimony of Dr. Rene de Lamar established that he did not sign or prepare a plan of treatment for services allegedly rendered to Medicare beneficiaries. Thus, funds paid to the defendants in reliance upon Dr. de Lemar as prescribing, referring, or attending physician were paid on the basis of false claims;

(b) The affidavit testimony of Dr. Gary Blumberg established that at least 69% of the claims submitted to the Medicare program by the defendants in the name of Dr. Blumberg were based upon forged and copied signatures and such services were never ordered or authorized by a physician. Thus, at least 69% of the funds paid to the defendants in reliance upon Dr. Blumberg were paid on the basis of false claims;

(c) The affidavit testimony of Debbie Williams from First Coast established that $2,823,521 was paid to the defendants by the Medicare program based upon claims filed with respect to Dr. de Lemar and $2,360,033 was paid to the defendants by the Medicare program based upon claims filed with respect to Dr. Blumberg;

(d) At least $4,451,944 has been paid to the defendants by the Medicare program based

-3-

upon false claims submitted with respect to Dr. de Lemar and Dr. Blumberg;

6. Based on the foregoing, the United States has shown probable cause to believe that defendants were violating and were about to violate 18 U.S.C. § 287 and immediate and irreparable loss or damage will result to the United States if the preliminary injunction is not granted, to wit: (a) the continued submission of false and fraudulent claims to First Coast for payment from Medicare funds; and (b) the transfer, loss, expenditure or concealment of substantial assets which the United States has shown probable cause to believe were obtained by the defendants by presenting or causing to be presented false and fraudulent claims upon the United States in violation of 18 U.S.C. § 287 (the "Assets").

The defendants contend that at least some of the evidence relied upon by the United States is hearsay evidence which cannot be relied on for the purpose of issuing a preliminary injunction. However, there is considerable authority that the Court may rely on such evidence for the purpose of granting injunctive relief as a party is not required to prove his case in full at a preliminary injunction hearing. University of Texas v. Comenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834 (1981). At this stage, procedures are less formal and the Court, in its discretion, may rely on otherwise inadmissible evidence, including affidavits and hearsay. Federal Savings and Loan Ins. Corp. v. Dixon, 835 F.2d 554, 558 (5th Cir. 1987); Sierra Club, Lone Star Chapter v. Federal Deposit Insurance Co., 992 F.2d 545, 551 (5th Cir. 1993).

Based on the affidavits and deposition testimony, as well as the testimony of Dr. Blumberg, the Court finds that the United States' motion for entry of preliminary injunction under 18 U.S.C. § 1345 is meritorious and that injunctive relief is warranted. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the United States of America's Motion

for Entry of Preliminary Injunction based on Substantial Evidence [DE 37], and Motion for Preliminary Injunction pursuant to 18 U.S.C. § 1345 [DE 2] are **GRANTED**. It is

**FURTHER ORDERED, ADJUDGED AND DECREED** that the defendants, their agents, servants, employees, attorneys and all persons acting in concert and participation with them, including all banking institutions at which defendants conduct business, who receive actual or constructive notice of this order by personal service, by publication or otherwise are hereby enjoined as follows:

(1) From making or conspiring to make false or fraudulent Medicare reimbursement claims to First Coast as fiscal agent for the Medicare program in violation of 18 U.S.C. § 287;

(2) From withdrawing or transferring any moneys or sums presently deposited, or held on behalf of any defendant in any and all accounts by any financial institution, trust fund, or other financial agency, public or private;

(3) from taking or causing to be taken any action to conceal, sell, pledge, assign, transfer, encumber, impair, remove, destroy, lease, loan, dissipate or otherwise dispose of, in any manner, assets, real or personal, in which any of defendants acquired an interest after May 1999; and

(4) from taking or causing to be taken any action to conceal, sell, pledge, assign, transfer, encumber, impair, remove, destroy, lease, loan, dissipate or otherwise dispose or alter the status of any of defendants' records, in whatever form, of the schemes described in plaintiff's complaint, including but not limited to all patient records and lists and financial records; it is

**FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to 18 U.S.C. § 1345(a)(2)(C) and Rule 65(c) of the Federal Rules of Civil Procedure, plaintiff United States of America shall not be required to post security for the instant action. It is

**FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants' Motion to vacate the Temporary Restraining Order [DE 26] is **DENIED AS MOOT**.

**DONE AND ORDERED** this 20th day of April, 2000, at Miami, Florida.

_____
WILKIE D. FERGUSON, Jr.
UNITED STATES DISTRICT JUDGE

cc:  J. Kirk Ogrosky, AUSA
Laurie E. Rucoba, AUSA
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132-2111

Lawrence R. Metsch, Esq.
Metsch & Metsch, P.A.,
1385 N.W. 15th Street
Miami, Florida 33125

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 00-12258
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

NOV 21 2000

THOMAS K. KAHN
CLERK

D. C. Docket No. 00-06143-CV-WDF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION
CENTER, INC., et al.,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Florida

(November 21, 2000)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:



Appellants appeal the district court's order granting Appellee's motion for a preliminary injunction. Appellants raise the following issues on appeal: (1) whether the district court erred when it found, pursuant to 18 U. S. C. § 1345(a)(1)(A), that Appellants were submitting or about to submit false Medicare claims in violation of 18 U. S. C. § 287, and (2) whether the district court erred when, pursuant to 18 U. S. C. § 1345(a)(2), it enjoined Appellants from transferring their assets.[1]

The grant or denial of a preliminary injunction is subject to a mixed standard of review. *See, e.g., Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir. 1997) (citing *SunAmerica Corp. v. Sun Life Assurance Co. of Can.*, 77 F.3d 1325, 1333 (11th Cir. 1997)). A district court's factfindings are subject to a clearly erroneous standard of review, while its application of law is subject to de novo review. *See, e.g., id.* The grant of injunctive relief is reviewed for abuse of discretion, meaning we must affirm unless the district court made a clear error of judgment or has applied an incorrect legal standard. *See, e.g., id.*

We affirm without discussion on the first issue raised by Appellants. *See* 11th Cir. R. 36-1. With respect to the second issue, Appellants argue that the district court

---

[1] Sample Road Rehabilation Center, Inc., Gateway to Health Rehabilitation, Inc., and Ricardo Choi are no longer parties to this appeal. We previously granted their motion to dismiss their appeal.

clearly erred by not setting forth any factual findings regarding the alienation or disposition of proceeds obtained by Appellants from fraudulent Medicare claims.

Contrary to Appellants' argument, the district court did find that, absent an injunction, the probable result was a "transfer, loss, expenditure, or concealment of substantial assets" obtained by Appellants through false Medicare claims. Moreover, the district court expressly stated that it was granting the injunction "[b]ased on the affidavits and deposition testimony" before it. In one of these affidavits, a government agent attested that some of participants in the fraudulent scheme had already transferred large sums of money to foreign accounts. Thus, we conclude that the district court did not clearly err in its findings, and it did not abuse it discretion in granting Appellee's motion for a preliminary injunction.

Lastly, we remind the parties that our opinion addresses solely Appellee's motion for preliminary injunction and the district court's grant thereof. We express no opinion on the merits of Appellee's claims, as they are not presently before us. *See Royal Crown Cola Co. v. Coca-Cola Co.*, 887 F.2d 1480, 1485-86 (11th Cir. 1989) (noting that grant of preliminary injunction was not an adjudication on the merits).

AFFIRMED.