UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6143-CIV-FERGUSON/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION
CENTER, INC., PENNACLE REHAB
SERVICES OF FLORIDA, INC.,
NATIONAL MEDICAL SYSTEMS and
SUPPLIES, INC., GATEWAY TO
HEALTH REHABILITATION, INC.,
WEMAC, INC., and ELLIOT HOUSLEY
RICORDO CHOI, and ANTHONY
MIGNOTT a/k/a MARK A. MIGNOTT,
individually,

    Defendants.
_____/

### GOVERNMENT'S UNOPPOSED APPLICATION TO AMEND PRELIMINARY INJUNCTION TO ALLOW SALE OF A MIGNOTT PROPERTY AND TO PLACE PROCEEDS FROM THAT SALE IN THE REGISTRY OF THE COURT

Plaintiff, the United States of America, by and through the undersigned Assistant United States Attorney ("government"), respectfully asks the Court to amend the preliminary injunction issued by the Court so as (1) to allow the sale of a residence titled in the name of defendant Mark Mignott's father, Sidney Mignott, and located at 12041 N.W. 11th Street, Plantation, FL 33323 the ("Mignott Property") and (2) to place proceeds from the sale of the Mignott Property into the registry



of the Court until the Court issues a permanent injunction and/or until resolution of the above-captioned matter.

By way of background, the government previously filed motions for a temporary restraining order and for entry of a preliminary injunction. After briefing by the parties and hearings, the Court granted the government's motion for entry of a preliminary injunction, dated and filed on April 20, 2000 ("Order"), a copy of which is appended to the Government's application.

The Order, at page 5, subparagraph 3, prohibits "defendants . . . and all persons acting in concert and participation with them" "(3) from . . . sell[ing] . . . or other wise dispos[ing] of, in any manner, assets, real or personal, in which any of the defendants acquired an interest after May 1999".

With respect to the Mignott Property, BankUnited, the mortgagee, recently filed a complaint to foreclose on that Property. The government had filed a lis pendens on that Property. So as to recoup as much money as possible to return to Medicare, the undersigned Assistant United States Attorney obtained the consent of title holder Sidney Mignott and BankUnited to agree to place the residence for sale by a real estate agent instead of having the property auctioned off at a foreclosure sale.

The Mignott Property is now on the market and has not been sold yet. Once the Property is sold, all proceeds, after paying BankUnited accrued interest and principal, will be placed in the Court's Registry until the Court enters a permanent injunction or conclusion of this litigation.

Accordingly, the government is requesting, without objection by defendant Mark Mignott and his father Sidney Mignott, that the Court amend its preliminary injunction to allow the sale of the Mignott Property and that all sale proceeds and any refunds concerning that Property be

deposited in the registry of the Court and to direct the Clerk of the Court to place the proceeds from that sale in the Court's Registry.

Dated: March 19, 2001

Respectfully submitted,

GUY A LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
Lisa Hu Barquist
Assistant United States Attorney
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel:  (305) 961-9338
Fax:  (305) 536-4101
Court No. A5500217

**PROOF OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to (1) Sidney Mignott, 5881 N.W. 19th Street, Lauderhill, Florida 33313 and (2) David Markus, Esq., Counsel for defendant Mark Mignott, 1501 N.W. 14th Street, Miami, Florida 33125 this 19th day of March, 2001.

*[signature]*
Lisa Hu Barquist
Assistant United States Attorney

*ad*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6143-CIV-FERGUSON/SNOW

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

FLORIDA HEALTH INSTITUTE, INC.,
SAMPLE ROAD REHABILITATION
CENTER, INC., PENNACLE REHAB
SERVICES OF FLORIDA, INC.,
NATIONAL MEDICAL SYSTEMS and
SUPPLIES, INC., GATEWAY TO
HEALTH REHABILITATION, INC.,
WEMAC, INC., ELLIOT HOUSLEY,
RICARDO CHOI, and ANTHONY
MIGNOTT, a/k/a MARK A. MIGNOTT,
individually,

        Defendants.
_____/

## ORDER GRANTING UNITED STATES OF AMERICA'S
## MOTION FOR ENTRY OF PRELIMINARY INJUNCTION

THIS MATTER came before the Court upon the United States of America's Motion for Entry of Preliminary Injunction based on Substantial Evidence [DE 37], and Motion for Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief, pursuant to 18 U.S.C. § 1345 [DE 2]; and the Motion to Vacate the Temporary Restraining Order [DE 26] filed by Florida Health Institute, Inc. ("FHI"), Sample Road Rehabilitation Center, Inc. ("Sample Rehab"), Pennacle Rehab Services of Florida, Inc., National Medical Systems and Supplies, Inc., Gateway to Health Rehabilitation, Inc., Wemac, Inc., Elliot Housley ("Housley"), Ricardo Choi ("Choi"), and Anthony Mignott a/k/a Mark A. Mignott ("Mignott") (collectively the "defendants").



THE COURT has considered the above referenced Motions, the sworn Affidavits and Deposition transcripts filed in support of the motion for entry of Preliminary Injunction, argument of counsel, the pertinent portions of the record and is otherwise fully advised. Pursuant to *Federal Rule of Civil Procedure* 52(a), the Court makes the following findings of fact and conclusions of law in support of granting the Preliminary Injunction:

1. First Coast Service Options, Inc. ("First Coast") is a Health Care Financing Administration ("HCFA") contracted fiscal intermediary which performs services for the United States Department of Health and Human Services' Medicare program. As an intermediary, First Coast's primary duty is the payment of Medicare funds to providers based upon claims submitted by those providers.

2. On June 9, 1999, defendant Mignott purchased Florida Health Institute, Inc. ("FHI"), a Medicare provider. Between June 9, 1999, and December 31, 1999, First Coast paid FHI approximately $2,303,504 for therapy supposedly provided to beneficiaries of the Medicare program. FHI listed its officers as follows: president Housley, vice-president Mignott, and treasurer Choi.

3. On May 13, 1999, defendant Choi purchased Sample Road Rehabilitation Center, Inc. ("Sample Rehab"), a Medicare provider. Between May 13, 1999, and December 31, 1999, First Coast paid Sample Rehab approximately $3,933,675 for therapy supposedly provided to beneficiaries of the Medicare program. Sample Rehab listed Mignott, Housley, and Choi as signatories on its bank account.

4. In total, First Coast paid FHI and Sample Rehab approximately $6,237,179 on behalf of the Medicare program since the dates Choi and Mignott purchased the companies.

Scanned Image - 0:00CV6143 Document 46 page 2 Tue May 09 10 00:52 2000

5.  The evidence, as presented to the Court, was sufficient to establish probable cause to believe that false claims have been submitted to the Medicare program by the defendants in connection with at least $4,451,944 of the claims paid to the defendants and in support thereof the Court finds as follows:

(a) The deposition testimony of Dr. Rene de Lemar established that Dr. de Lemar did not order pulmonary rehabilitation, respiratory therapy, occupational therapy or physical therapy for the vast majority of the patients for whom the defendants submitted claims to the Medicare Program. In addition, the testimony of Dr. Rene de Lamar established that he did not sign or prepare a plan of treatment for services allegedly rendered to Medicare beneficiaries. Thus, funds paid to the defendants in reliance upon Dr. de Lemar as prescribing, referring, or attending physician were paid on the basis of false claims;

(b) The affidavit testimony of Dr. Gary Blumberg established that at least 69% of the claims submitted to the Medicare program by the defendants in the name of Dr. Blumberg were based upon forged and copied signatures and such services were never ordered or authorized by a physician. Thus, at least 69% of the funds paid to the defendants in reliance upon Dr. Blumberg were paid on the basis of false claims;

(c) The affidavit testimony of Debbie Williams from First Coast established that $2,823,521 was paid to the defendants by the Medicare program based upon claims filed with respect to Dr. de Lemar and $2,360,033 was paid to the defendants by the Medicare program based upon claims filed with respect to Dr. Blumberg;

(d) At least $4,451,944 has been paid to the defendants by the Medicare program based

-3-

upon false claims submitted with respect to Dr. de Lemar and Dr. Blumberg;

6.  Based on the foregoing, the United States has shown probable cause to believe that defendants were violating and were about to violate 18 U.S.C. § 287 and immediate and irreparable loss or damage will result to the United States if the preliminary injunction is not granted, to wit: (a) the continued submission of false and fraudulent claims to First Coast for payment from Medicare funds; and (b) the transfer, loss, expenditure or concealment of substantial assets which the United States has shown probable cause to believe were obtained by the defendants by presenting or causing to be presented false and fraudulent claims upon the United States in violation of 18 U.S.C. § 287 (the "Assets").

The defendants contend that at least some of the evidence relied upon by the United States is hearsay evidence which cannot be relied on for the purpose of issuing a preliminary injunction. However, there is considerable authority that the Court may rely on such evidence for the purpose of granting injunctive relief as a party is not required to prove his case in full at a preliminary injunction hearing. University of Texas v. Comenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834 (1981). At this stage, procedures are less formal and the Court, in its discretion, may rely on otherwise inadmissible evidence, including affidavits and hearsay. Federal Savings and Loan Ins. Corp. v. Dixon, 835 F.2d 554, 558 (5th Cir. 1987); Sierra Club, Lone Star Chapter v. Federal Deposit Insurance Co., 992 F.2d 545, 551 (5th Cir. 1993).

Based on the affidavits and deposition testimony, as well as the testimony of Dr. Blumberg, the Court finds that the United States' motion for entry of preliminary injunction under 18 U.S.C. § 1345 is meritorious and that injunctive relief is warranted. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the United States of America's Motion

-4-

for Entry of Preliminary Injunction based on Substantial Evidence [DE 37], and Motion for Preliminary Injunction pursuant to 18 U.S.C. § 1345 [DE 2] are **GRANTED**. It is

**FURTHER ORDERED, ADJUDGED AND DECREED** that the defendants, their agents, servants, employees, attorneys and all persons acting in concert and participation with them, including all banking institutions at which defendants conduct business, who receive actual or constructive notice of this order by personal service, by publication or otherwise are hereby enjoined as follows:

(1) From making or conspiring to make false or fraudulent Medicare reimbursement claims to First Coast as fiscal agent for the Medicare program in violation of 18 U.S.C. § 287;

(2) From withdrawing or transferring any moneys or sums presently deposited, or held on behalf of any defendant in any and all accounts by any financial institution, trust fund, or other financial agency, public or private;

(3) from taking or causing to be taken any action to conceal, sell, pledge, assign, transfer, encumber, impair, remove, destroy, lease, loan, dissipate or otherwise dispose of, in any manner, assets, real or personal, in which any of defendants acquired an interest after May 1999; and

(4) from taking or causing to be taken any action to conceal, sell, pledge, assign, transfer, encumber, impair, remove, destroy, lease, loan, dissipate or otherwise dispose or alter the status of any of defendants' records, in whatever form, of the schemes described in plaintiff's complaint, including but not limited to all patient records and lists and financial records; it is

**FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to 18 U.S.C. § 1345(a)(2)(C) and Rule 65(c) of the Federal Rules of Civil Procedure, plaintiff United States of America shall not be required to post security for the instant action. It is

**FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants' Motion to vacate the Temporary Restraining Order [DE 26] is **DENIED AS MOOT**.

**DONE AND ORDERED** this 20th day of April, 2000, at Miami, Florida.

WILKIE D. FERGUSON, Jr.
UNITED STATES DISTRICT JUDGE

cc:   J. Kirk Ogrosky, AUSA
      Laurie E. Rucoba, AUSA
      99 N.E. 4th Street, 3rd Floor
      Miami, Florida 33132-2111

      Lawrence R. Metsch, Esq.
      Metsch & Metsch, P.A.,
      1385 N.W. 15th Street
      Miami, Florida 33125